MAX N. TOBIAS, JR., Judge.
I,This ease concerns a dispute over the ownership of antique furniture bequeathed to appellant, Robert Travis Kenny, M.D. (“Dr.Kenny”), by Mary Ory Feitel (“Mrs.Feitel”), who died testate on 24 August 2001.
Mrs. Feitel left behind both a statutory will, dated 22 December 1989, and an olo-graphic notarized codicil, dated 18 January 1990. The codicil stated that Mrs. Feitel “wishes to leave the antique furniture in my bedroom, in my apartment, to Dr. Robert Travis Kenny, our old friend and physician of my deceased husband, Arthur and myself. Free of all taxes.” The validity of the will and the codicil are not being challenged; rather, the testamentary co-executors, Edward B. Ory (“Ory”) and Iris B. Ory (collectively “co-executors”), contend that the furniture in question was not owned by Mrs. Feitel at the time of her death, but rather was owned by a family partnership, Edward B. Ory Commercial Enterprises (“the partnership”).
In September 2001, Dr. Kenny filed a “Petition to Probate Codicil and to Appoint Provisional Administrator” and was appointed provisional administrator of Mrs. Feitel’s succession on 12 October 2001. The co-executors filed a motion to dismiss and/or exception of lack of subject matter jurisdiction, which was | ¡.ultimately denied. On 24 June 2002, the co-executors filed a petition to probate Mrs. Feitel’s will and were confirmed as co-executors of the succession. The co-executors filed a Detailed Descriptive List of Assets and Liabilities of the succession.
On 19 September 2002, Dr. Kenny filed a Motion to Traverse the detailed descriptive list filed by the co-executors on the grounds that the antique bedroom furniture that was bequeathed to him was omitted from the list. Dr. Kenny’s Motion to Traverse was set for hearing on 15 April 2005. On 31 May 2005, the trial court rendered judgment denying the Motion to Traverse, finding that the antique bedroom furniture in question was owned by the partnership and not by Mrs. Feitel at the time of her death.
On appeal Dr. Kenny assigns two errors committed by the trial court. He asserts that the trial court erred in determining that the furniture was not owned by the succession and in denying the motion to traverse the detailed descriptive list.
First we look to the alleged factual error made by the trial court. We note that we are bound to review the factual findings of the trial court using a manifest error/clearly wrong standard. Succession of Dorand, 94-1627, p. 5 (La.App. 4 Cir. 7/26/95), 659 So.2d 523, 526, citing, Moody v. Moody, 622 So.2d 1381 (La.App. 1st Cir.1993). See also, Succession of Steckler, 97-1243, p. 6 (La.App. 5 Cir. 5/27/98), 712 So.2d 1066, 1069-70. Thus, if there is any reasonable factual basis for the finding of the trial court, we are required to affirm.
The trial court heard live testimony from Ory, his son, and Dr. Kenny. Ory, Mrs. Feitel’s son, testified that the family partnership was created in 1954 as a venture capital partnership. Mrs. Feitel was a partner, although in 1989 she made an inter vivos donation to her grandson, Edward P. Ory, of her interest in the | .¡partnership. A partnership agreement dated 8 May 1984 references the ventures *60 undertaken in the past by the partnership, and antiques are included. The co-executors also introduced into evidence a sample antiques inventory for Mary Ory Antiques, which Ory testified was a subdivision of the partnership. The inventory is not dated, but does list each antique with the date acquired, the dealer from whom it was acquired, and the cost, as well as the “destination” of each item. A tax return for the partnership from 1978 also lists antiques as an investment for the partnership in the amount of $43,197.00. Ory testified that Mrs. Feitel wanted to run an antiques business, and that the partnership funded the business as a capital venture. He further testified that the antique bedroom furniture in question had belonged to the partnership for decades and had been kept in many locations over the years prior to its being kept by Mrs. Feitel at her French Quarter apartment. He testified that it had never been personally owned by Mrs. Feitel, but rather had been inventory in her antiques shop.
Ory admitted that the antique bedroom furniture in question was in Mrs. Feitel’s French Quarter apartment and that it was removed by the Neal Auction Company prior to her death. He testified that the auction house was advised that the furniture belonged to the partnership, even though none of the documentation referencing the auction of the furniture acknowledges that fact and refers to the furniture as “property of Mrs. Mary Ory Feitel.” Ory further testified that Mrs. Feitel was aware that the contents of her apartment were being inventoried[1] and prepared for auction, and that she never mentioned the bequest to Dr. Kenny.
DEdward P. Ory, Mrs. Feitel’s grandson, testified concerning the financial statements of the partnership, and confirmed that he and his father were managing partners. He recalled being notified of the codicil by Dr. Kenny, and he advised Dr. Kenny that the furniture belonged to the partnership. He confirmed that antiques were a part of the ventures undertaken by the partnership over the years, and testified that Mrs. Feitel was aware that Neal Auction House was to sell the furniture removed from her apartment.
Dr. Kenny testified that he had a close friendship with both Mr. and Mrs. Feitel while they lived in the French Quarter. He described Mrs. Feitel giving him a copy of the codicil, and advising him that her son would try to keep him from receiving the furniture. Dr. Kenny also testified that he believed that Ory was jealous of his relationship with Mrs. Feitel.
Louisiana Code of Civil Procedure Article 3137 provides that a sworn descriptive list of the property of a succession is deemed prima facie correct, but it may be traversed if an interested party believes it is in error. La. C.C.P. art. 3137. The burden is on the party filing a motion to traverse to show that the descriptive list is in error. In the present matter, although it is clear that Mrs. Feitel wished to bequeath the antique bedroom furniture to Dr. Kenny, there is sufficient evidence in the record on appeal to support the factual finding of the trial court that the partnership owned the furniture. Therefore, we do not find that the trial court was manifestly erroneous or clearly wrong.
Insofar as the trial court was not manifestly erroneous in its finding of fact, we find that it follows that it did not err as a matter of law with regard to the motion to traverse. The motion to traverse was heard and both sides were afforded ample opportunity to present evidence on the *61 issue of ownership of the furniture. | sAs this was the only factual issue before the trial court, its resolution in favor of the co-executors leaves no viable basis for the motion to traverse. Therefore, the trial court’s denial of the motion was correct as a matter of law.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Mrs. Feitel moved out of her apartment in the French Quarter and to Lake Charles to live with the co-executors in the months prior to her death.