DOMENGEAUX, Judge.
This is a suit brought by Ammeralla Mar-cantel McDaniel, one of several naked owners of immovable property, against Aleak Ortego, a lessee of the property, in order to obtain damages and an injunction ordering him to remove himself from the property and restore it to its former condition.
The factual portion of the record consists largely of stipulations made between counsel, which we set forth below.
Plaintiff’s mother and father, Mr. and Mrs. Tonise Marcantel acquired a 46 acre tract of land in Evangeline Parish. Mr. Marcantel died intestate on April 29, 1977, leaving his wife and five daughters. Consequently, Mrs. Marcantel owns an undivided one-half interest in the 46 acres of land and has the usufruct over the other half by operation of law. The five daughters each own an undivided one-tenth interest in the above land in naked ownership, subject to the usufruct of their mother.
At some time subsequent to the death of her husband, Mrs. Marcantel entered into a verbal lease arrangement for the land with Aleak Ortego, the defendant, by which he was allowed to farm the land for the crop year of 1978 in exchange for $1,200.00 in rent. Mr. Ortego had been leasing the above described land in a similar fashion for the previous two years. Two of the daugh *1160 ters, Mrs. Howard Campbell and Mrs. Wilson Veillon, acquiesced in the lease arrangement. Plaintiff, another one of the daughters, did not acquiesce to the lease, nor did she give defendant permission to go upon the land. By letter dated January 31,1978, she notified the defendant not to go upon the property and not to commence farming operations. This letter was received by Mr. Ortego.
On March 21, 1978, Mrs. McDaniel filed suit seeking a mandatory injunction in order to require plaintiff to remove himself from the land and to restore it to the condition in which it existed before plowing and farming operations commenced. She also sought damages in tort for trespass and continuing trespass in the amount of $45,-000.00. A rule to show cause why the injunction should not issue was heard on April 6,1978. The trial judge dismissed the rule and denied the injunction, at plaintiff’s costs. Plaintiff appeals.
The sole issue presented on appeal is whether a lease granted by one, who is the owner of an undivided one-half interest in immovable property and who holds the usu-fruct of the other one-half interest, has the right to grant a valid predial lease for the land.
Plaintiff’s argument at trial and her argument on appeal involves an analogy drawn between agricultural leases and mineral leases. Plaintiff presents the basic rule of law that in situations involving mineral rights, it is the naked owner who has the right to lease and explore for minerals, and that this right is unaffected by the fact that the land is burdened with the usufruct. Plaintiff couples this proposition with the fact that Louisiana cases have indicated that the payment of a royalty under a mineral lease is similar to the payment of rent under a regular lease. She reasons that payment of a mineral royalty, therefore, would be similar to payment of rent for an agricultural crop. Having drawn the analogy between mineral royalties and agricultural crops, she then maintains that mineral leases and agricultural leases should be treated similarly. The conclusion is reached that, inasmuch as the naked owner is the only person with the right to grant a valid mineral lease, at least, the consent of the naked owner should be necessary to grant a valid agricultural lease.
We feel that plaintiff’s analogy between minerals and agricultural crops is faulty and without merit. We hold that the usu-fructuary has the right to grant a valid predial lease in favor of defendant. We thus affirm the trial court’s judgment.
In principle, the usufructuary’s right of enjoyment should include the right to lease the property to another. See Yiannopoulos, Personal Servitudes § 38 in 3 Louisiana Civil Law Treatise 183 (2nd ed. 1978). In Louisiana, this right is expressly recognized in Article 567 of the Civil Code (formerly Articles 551 and 561), which provides, in part:
“The usufructuary may lease, alienate, or encumber his right. All such contracts cease of right at the end of the usufruct.”
Mineral leases, however, present different and unique situations. Because of the very nature of mineral leases, it has long been established that the right to grant a mineral lease rests with the naked owner. There are exceptions, of course, as, for example, when the usufruct is conventional and the instrument expressly grants the right to lease to the usufructuary, or when minerals are being produced from the land at the time that the usufruct commences. The law governing the right of the usufructuary in the realm of minerals is set forth in Article 188, et seq., of the Louisiana Mineral Code, La. R.S. 31:188 et seq.
Obviously, mineral leases present many problems which are not found in other types of lease arrangements. As a result of these unique problems, the law governing the right of the usufructuary is withdrawn from the Civil Code and placed into the Mineral Code. Louisiana Civil Code Article 561. We feel that there is absolutely no authority in Louisiana for us to treat an agricultural lease granted by a usufruc-tuary in the same or a similar fashion as a mineral lease.
*1161 We point out that this case simply deals with the right of the usufructuary to grant an agricultural lease. It does not present any of the many problems sometimes involved in leases granted by the usu-fructuaries, as, for example, those which arise when the lease is for a term greater than the usufruct. This case also does not deal with whether the instant lease arrangement would be binding upon the naked owners or the plaintiff herein at the expiration of the mother’s usufruct. We merely hold that the usufructuary of immovable property has the right to grant an agricultural lease on that property, absent any agreement to the contrary.
For the above reasons the judgment of the District Court is affirmed at appellant’s costs.

AFFIRMED.