450 So.2d 1374 (1984)
SUCCESSION OF Eros Crosby CRAIN, Jr.
No. 83 CA 0718.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1375 Robert Anderson, Jr., Covington, for Rebecca Crain Christ, appellant.
Joseph F. Bishop, Jr., Mandeville, for Sharon Haas Crain, appellee.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Appellant, a residuary legatee and former provisional administratrix, appealed the judgments holding the succession liable for one-half of the cost of repair and maintenance of the family home and for all the estate tax penalties and interest amounts.
The issues are: (1) whether the succession or the usufructuary should bear the costs of repair and maintenance of the family home[1] and (2) whether the testamentary executrix should be held personally liable for penalties and interest assessed against the succession because of late payment of the federal estate tax.
We affirm in part and reverse and render in part.
Eros Crosby Crain died on August 13, 1977. He was survived by his spouse, Sharon Haas Crain, the appellee, and two daughters by a prior marriage, Patricia Crain McDonald and Rebecca Crain Christ, the latter the appellant. Decedent's will confirmed the legal usufruct in favor of appellee and also named her as Testamentary Executrix. The two daughters were named as residuary legatees.
Appellee resigned from her position as Executrix and appellant was appointed as Provisional Administratrix. Appellee was later reinstated as Executrix. See 413 So.2d 912. During the time that appellant was the administratrix, appellee filed a motion for payment of repairs to widow's home and for payment of widow's expenses in preserving property. Accountings prepared by appellant charged all expenses relating to the family home and the penalties and interest due to the late payment of taxes to appellee, individually. Appellee opposed the accountings.
The trial court rendered judgment in favor of appellee ordering the succession to bear one-half of the approved costs of repair work. The court also ordered the succession to reimburse appellee for one-half of the total mortgage payments, or $3149.73 and one-half of the expense for yard upkeep, the security system, homeowner's association, Terminex expenses, and plumbing expenses, or $866.97.
Appellant argues that all of the expenses related to the family home should be charged to appellee, individually; since appellee has enjoyed exclusively, and without *1376 disturbance, the usufruct over one-half of the family home, she should bear the costs associated with the usufruct. La.C.C. arts. 577, 578, 579, 588. Alternatively, appellant argues that appellee should pay rent to the succession.
As argument, appellee adopts a statement made by the trial judge in his "Reasons for Judgment":
"Since this succession is under administration, the Testamentary Executrix is in possession of ... (the) deceased's undivided one-half interest in this community home .... LSA-C.C.P. art. 3211 .... Therefore, one-half of any repair or maintenance which needs to be done to this community residence must be borne by the succession. LSA-C.C.P. art. 3221."
La.C.C.P. art. 3221 provides that "A succession representative shall preserve, repair, maintain, and protect the property of the succession."
La.C.C. arts. 1626 and 1628 provide that a testamentary executor who has seizin of the effects of the succession and who is at the same time a legatee, is not bound to demand the delivery of his legacy. He is deemed to be in possession. Succession of Villere, 411 So.2d 484 (La.App. 4th Cir. 1982). Therefore, appellee is in possession of the property as a usufructuary, as well as an executrix. As a usufructuary, appellee is "answerable for all expenses that became necessary for the preservation and use of the property after the commencement of the usufruct." La.C.C. art. 581. Furthermore, "the usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order...."
Since appellee is a usufructuary and, as such, is entitled to the fruits of the property,[2] she must assume those liabilities resulting from the usufruct. Therefore, we find appellee responsible for the costs of the "ordinary repair" items. We further classify the following items as "ordinary repairs":
Paint interior and exterior of house;
Repair leak spots;
Remove all glass mould in kitchen, den and bedroom and reseal water leaks;
Replace one frame of glass (solar equal film);
Erect iron post around electrical substation;
Remove small tree;
Repairs to air conditioning system.
The naked owner is generally only responsible for extraordinary repairs. La.C.C. art. 577. However, the usufructuary does not have the right to compel the naked owner to make the extraordinary repairs. His only remedy is reimbursement by the naked owner at the end of the usufruct. La.C.C. art. 579. We classify the following items as "extraordinary repairs":
Repairs to dock;
Repairs to boat slip;
Repairs to roof.
We find that La.C.C.P. art. 3221 does not apply when there is a usufructuary in possession. Therefore, appellee does not have authority to institute these repairs in her capacity as Testamentary Executrix. Furthermore, since the usufructuary cannot compel the naked owner to make the repairs, appellee's only remedy is to seek reimbursement at the end of the usufruct, if she chooses to make the repairs. C.C. art. 579.
For the same reasons stated above in reference to the repair costs, we find appellee responsible for the expenditures for maintenance of the family home, as outlined in the trial court's "Judgment on Rule Seeking Repair and Preservation Expense on Widow's Home."
Since we have found that appellee is in possession of the family home as a usufructuary, there is no need to discuss appellant's alternative argument that appellee owes rent to the succession.
*1377 The next issue raised by appellant is whether appellee should be held personally liable for penalties and interest assessed against the succession because of late payment of the federal estate tax. The trial court held that appellee, as executrix, was not at fault in the handling of these taxes and therefore, the penalties and interest could not be taken from her share of the estate.
The trial court very meticulously reviewed the activities of Mrs. Crain in regard to the federal taxes and the penalties and interest theron. We have carefully reviewed the record and agree with his conclusion that Mrs. Crain personally should not be assessed with the penalties and interest.
For these reasons, the judgment holding the succession liable for one-half of the cost of repair and maintenance of the family home is reversed and the appellee is declared responsible for these expenses. The judgment holding the succession responsible for the estate tax penalties and interest is affirmed.
The costs of these appeals are to be shared equally.
REVERSED AND RENDERED IN PART AND AFFIRMED IN PART.
NOTES
[1] Since the family home is community property, we are only concerned with one-half of the total costs of repair and maintenance.
[2] La.C.C. art. 550:

The usufructuary is entitled to the fruits of the thing subject to usufruct according to the following articles.