# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CT-00711-SCT

*PRECISION INTERLOCK LOG HOMES, INC. D/B/A*
*YESTERYEAR LOG HOMES, INC. AND JERALD*
*O'NEAL*

*v.*

*ODIS H. O'NEAL, JR. AND PAMELA O'NEAL*

## ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 2/22/93 |
| TRIAL JUDGE: | HON. ROBERT OSWARD |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | J. MICHAEL WILSON |
| | GERALD A. DICKERSON |
| ATTORNEYS FOR APPELLEES: | REBECCA A. TAYLOR |
| | JACK PARSONS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 3/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/27/97 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

¶1. This matter came before the Court, en banc, after granting petitioner's application for writ of certiorari. We are asked to review whether appellant/defendants were properly held jointly and severally liable and whether an award of punitive damages against both was properly assessed against only Precision Interlock Log Homes, Inc. We affirm the decision of the Court of Appeals upholding the awards of compensatory and punitive damages, but reverse and remand to the trial court for consideration of whether or not punitive damages should have been assessed against both defendants.

¶2. Pamela and Odis O'Neal ("the O'Neals") contracted with Jerald O'Neal ("Jerald") to build a log home using a kit sold by Precision Interlock Log Homes d/b/a Yesteryear Log Homes ("Yesteryear"). Jerald was the local distributor for Yesteryear Log Home kits. After the home was built, it began to leak and numerous attempts at repair failed. The O'Neals subsequently brought a breach of warranty

action in the Chancery Court of George County. Chancellor Robert Osward tried the case and assessed property damages of $66,000 and $25,000 for emotional distress, for a total of $91,000, which award was made against both Jerald and Yesteryear, jointly and severally.

¶3. The assessment of punitive damages was postponed for discovery, and Chancellor Osward resigned in the interim. Successor Chancellor Myers took up the matter and awarded $91,000 punitive damages against Yesteryear alone. The Court of Appeals found that the chancellor's finding of joint and several liability was well articulated and supported by the record. The appellate court also deferred to the chancellor's decision to award punitive damages because of the discretionary nature of the award.

¶4. This Court has previously held both a manufacturer and its' authorized dealer jointly and severally liable for damages resulting from the faulty installation of a specialized product. "It also follows that a manufacturer which puts on the market a machine which requires special skill and knowledge to install before it has any utility whatever is responsible for seeing that its authorized dealer who sold it did in fact properly install the unit." *Fedders v. Boatright*, 493 So. 2d 301, 307 (Miss. 1986). The record supports the chancellor's holding that the actions of the manufacturer and the dealer were so intertwined as to find both defendants jointly and severally liable. This Court has held that the finding of joint and several liability is supported where the concurrent and successive negligent acts of joint tort-feasors combine to proximately cause a single, indivisible injury. *D & W Jones v. Collier*, 372 So. 2d 288, 294 (Miss. 1979).

¶5. The award of punitive damages and the amount thereof are left to the discretion of the trier of fact. *Wirtz v. Switzer*, 586 So. 2d 775, 783 (Miss. 1991); *Fought v. Morris*, 543 So. 2d 167, 173 (Miss. 1989). An award of punitive damages will only be disturbed on appeal where the amount is so excessive as to shock the conscience. *Valley Forge Insurance Co. v. Strickland*, 620 So. 2d 535, 541 (Miss. 1993). The record in this case contains specific findings by the chancellor sufficient to warrant the imposition of punitive damages and the amount is not excessive.

¶6. For reasons unknown, the chancellor assessed punitive damages against Yesteryear only and made no mention of Jerald. The judgment contains no written findings to explain this action as required by MRCP 52(a). Nor is the reason for this omission obvious from a review of the record such that the absence of written findings may be excused. *Century 21 Deep South Properties, Ltd. v. Corson*, 612 So. 2d 359, 367 (Miss. 1992); *Duckworth .v State Board of Pharmacy*, 583 So. 2d 200, 203 (Miss. 1991).

¶7. For this reason, we reverse and remand on this issue alone to the chancery court for consideration of whether or not punitive damages should have been assessed against both defendants as well as the inclusion of written findings as required by MRCP 52(a). The remainder of the Court of Appeals' opinion is hereby affirmed.

**¶8. AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE AND SMITH, JJ., CONCUR. LEE, C.J., AND MILLS, J., CONCUR IN RESULT ONLY.**