848 So.2d 138 (2003)
Raymond J. VERDUN and Iris Cavanagh Verdun, Wife of Raymond J. Verdum
v.
Dr. Druby C. HEBERT and Travelers Insurance Company.
No. 03-CA-225.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
*139 Kevin T. Phyer, Borrello, Oline & Dubluclet, Metairie, LA, for defendant-appellant, Liberty Mutual Insurance Company.
John E. McAuliffe, Jr., Frederick A. Miller & Associates, Metairie, LA, for defendants-appellees, Jeb Arcement and State Farm Fire and Casualty Company.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
At issue is whether summary judgment was properly granted in this case. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The incident giving rise to this case occurred on March 2, 2000. Plaintiff, Raymond Verdun, contends that while he was riding his bicycle on Ridgewood Drive in Metairie, Louisiana, a Labrador Retriever (named Bubba) owned by his neighbors, Dr. Drury and Kathy Herbert, ran in front of him causing him to flip over the handle bars striking his head, left knee and left shoulder on the pavement. The dog allegedly escaped undetected through the front door of the Herbert's residence prior to encountering plaintiff.
Plaintiff and his wife filed suit against the Herbert's and their primary and excess insurers, Travelers Insurance Company and Liberty Mutual Insurance Company, respectively. The petition alleged strict liability under La. Civil Code article 2321. Plaintiff later amended his petition to add Mrs. Herbert's brother, Jeb Arcement, and his insurer, State Farm, as a defendants. According to plaintiff, Arcement was at the Herbert's house repairing their fence and acting as an independent contractor when he left their front door open allowing the dog to escape and cause him injury. Thus, he was negligent under La. Civil Code article 2316.
Subsequently, Arcement and State Farm filed a motion for summary judgment relying on Arcement's deposition which stated that Arcement was not working at the house the day of the incident. Rather, he went there to pick up a drill then left. He saw Dr. Herbert in the driveway and entered the front door of the house with a key but did not leave the front door open. He did not see the dog at all that day. He had no knowledge or notice that the dog had any propensity to run out of the house nor was he told to make sure the dog did not get out of the house. He relied on the Herbert's depositions *140 to support that contention.[1] The motion further noted that La. Civil Code art. 2321 imposes liability upon the dog owner not upon third parties.
In response, plaintiff filed an opposition[2] to the summary judgment asserting there was an issue of material fact as to whether Arcement or Dr. Herbert left the front door open, making summary judgment inappropriate. Plaintiff noted that Dr. Herbert's deposition states that he went into the house to look for Arcement through the side door and noticed the front door was open. However, this statement was apparently contradicted by an earlier interrogatory stating that Dr. Herbert entered the house through the side door noting that the front door was closed. Plaintiff further argued that Arcement's status as an independent contractor and any associated inquiries regarding his negligence are questions for the jury.
After a hearing, the trial judge granted the motion for summary judgment citing, Murillo v. Hernandez, 00-1065 (La.App. 5 Cir. 10/31/00), 772 So.2d 868. The trial judge's oral reasons for judgment note the following:
The plaintiff who brings this case has the burden of coming forward today and showing me some element of knowledge that this defendant, Jeb Arcement, might have had about the propensity of the dog to injure someone, and the plaintiff has failed to come forward with that evidence.
This appeal followed.

DISCUSSION
Plaintiff argues that there is a factual dispute as to whether Arcement left the front door open and that the trial judge improperly required plaintiff to demonstrate Arcement had prior knowledge of the dog's propensity to injure someone when the claims against him were for negligence under La. Civil Code art. 2316.[3]
We note that La. Civil Code art. 2321 provides:
The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
The strict liability of the animal owner under La. Civ.Code art. 2321 cannot be imputed to a non-owner. Murillo v. Hernandez, 00-1065 (La.App. 5 Cir.10/31/00), 772 So.2d 868. Although the third party at issue in Murillo was a landlord, we find that reasoning applicable in this case. In that case we stated:

*141 Although a landlord is strictly liable for injuries caused by vices or defects of his building, he is not liable to a third person for injuries caused by his lessee's animal. The strict liability of the animal owner under C.C. art. 2321 cannot be imputed to a non-owner. Parr v. Head, 442 So.2d 1234, 1235 (La.App. 5 Cir.[00-1065 La.App. 5 Cir. 6] 1983). The landlord may still be liable for negligence under La. C.C. arts. 2315-2316, however, if there is a violation of duty and that violation is a cause-in-fact of an injury. Id. This has been interpreted within this Circuit to mean that the record must show the landlord had actual knowledge of the dog's vicious propensity. Compagno v. Monson, 580 So.2d 962, 966 (La.App. 5 Cir.1991).
Our review of the record indicates that the trial judge properly found that Mr. Arcement had no knowledge of the dog's propensity to run out of the house and potentially injure a passer by. The duty in this case does not arise from Mr. Arcement's status as an independent contractor or whether he may have left the door open. Had plaintiff established that Mr. Arcement had knowledge of the dog's propensity, then his actions, if any, may have subjected him to liability for negligence under La. Civil Code art. 2316. Thus, we are unable to say the trial court erred in this case.

CONCLUSION
Based on the foregoing, the trial court's judgment granting summary judgment in favor of Jeb Arcement and State Farm is affirmed.
AFFIRMED.
NOTES
[1] Mrs. Herbert confirmed that she never told Arcement not to let the dog out. Dr. Herbert stated that the dog had run out of the house once before but Arcement did not know about that incident.
[2] Liberty Mutual also filed an opposition to the motion for summary judgment.
[3] La. Civil Code art. 2316 provides:

Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.