STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1722
consolidated with 03-1723

FREDERICK WALKER, ET UX.

VERSUS

KATHY HOLT, ET AL.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 206,945,
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Todd A. Delcambre
Law Offices of Henry H. LeBas
5750 Johnston Street, Suite 5100
Lafayette, Louisiana   70503
(337) 988-4500
Counsel for Plaintiff/Appellant:
    Zurich North American Insurance Company

Steven D. Crews
Corkern & Crews, L.L.C.
Post Office Box 1036
Natchitoches, Louisiana  71457-1036
(318) 352-2302
Counsel for Defendant/Appellee:
    Elizabeth Smith Distefano

Henry H. Lemoine, Jr.
Attorney at Law
607 Main Street
Pineville, Louisiana  71360
(318) 473-4220
Counsel for Defendant/Appellee:
       Anita Smith Campo

L. Lyle Parker
Bolen, Parker & Brenner
Post Office Box 11590
Alexandria, Louisiana   71315-1590
(318) 445-8236
Counsel for Defendant/Appellee:
       Robert Smith

Gregory L. Jones
Attorney at Law
Post Office Box 4478
Pineville, Louisiana   71361
(318) 448-4040
Counsel for Defendants/Appellees:
       Bobby and Kathy Holt

Mark D. Pearce
Stafford, Stewart, & Potter
Post Office Box 1711
Alexandria, Louisiana  71309
(318) 487-4910
Counsel for Defendants/Appellees:
       Emile F. Smith
       Graham Smith, Sr.

Richard A. Rozanski
Wheelis & Rozanski
Post Office Box 13199
Alexandria, Louisiana   71315-3199
(318) 445-5600
Counsel for Defendants/Appellees:
       Allstate Insurance Company
       Graham Smith, Jr.

SULLIVAN, Judge.

Zurich North America Insurance Company (Zurich) appeals the grant of summary judgment in favor of Elizabeth Smith Distefano a/k/a Elizabeth Matney, Anita Smith Campo a/k/a Anita Smith Campo Brewer, Graham L. Smith, Jr., and Allstate Insurance Company. We affirm.

### *Background*

Frederick Walker injured his back when he stepped in a hole while delivering gas for his employer, Herring Gas Company (Herring), to the residence of Kathy and Bobby Holt. Ms. Holt, Ms. Distefano, Ms. Campo, and Mr. Smith, Jr. are siblings. Pursuant to a Judgment of Possession in their mother's succession dated December 20, 1978, they are the naked owners of an undivided one-twelfth interest in the Holt residence. Graham L. Smith, Sr., their father, owns an undivided one-half interest in the property and is the usufructuary of the other one-half interest in the property.

Mr. Walker and his wife filed suit against the Holts, Ms. Distefano, Ms. Campo, Mr. Smith, Jr., Emile Ferdinand Smith, another sibling, and Mr. Smith, Sr. to recover damages resulting from his injury. Zurich, Herring's workers' compensation insurer, filed suit against the same parties to recover amounts it paid to Mr. Walker in indemnity benefits and medical expenses. The two suits were consolidated.

After conducting discovery, Ms. Distefano, Ms. Campo, and Mr. Smith, Jr. filed motions for summary judgment. Initially, the trial court denied the motion, but after a hearing on a motion to reconsider the motion for summary judgment, the trial court granted judgment in favor of Ms. Distefano, Ms. Campo, and Mr. Smith, Jr.

Zurich and the Walkers appealed. This court dismissed the Walkers' appeal because they did not timely file a brief.

## *Motion for Summary Judgment*

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

The initial burden of proof is on the mover to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, he is not required to negate all essential elements of his opponent's claim but need only point out that there is an absence of factual support for one or more elements essential to his opponent's action. If the opponent fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Id*.

## *Discussion*

In their motions for summary judgment, Ms. Distefano, Ms. Campo, and Mr. Smith, Jr. assert that they had no knowledge of the alleged defects in property where Mr. Walker was injured and that they do not oversee the management of that property. Their motions for summary judgment were premised on La.Civ.Code art. 2317.1 which provides:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Ms. Distefano and Ms. Campo asserted that they did not oversee management of the Holt residence and that they had no knowledge of defects on the property. Mr. Smith, Jr. asserted that he did not have, nor should have had, knowledge of any defects on the property. Zurich opposed the motions asserting that as owners these defendants knew or should have known of the hole because they had a duty to inspect and discover such a defect in the property.

After the hearing on the motions for summary judgment, the trial court concluded that a genuine issue of material fact existed as to whether Ms. Distefano, Ms. Campo , and Mr. Smith, Jr. "knew or in the exercise of reasonable care should have known of the alleged ruin, vice, or defect, which Mr. Walker claims caused his injuries" and that a jury should make the determination of whether or not they did. These defendants then filed a motion for new trial/motion to reconsider.

After arguments on the motion for new trial/motion to reconsider, the trial court found the hole in the Holts' yard to be an ordinary repair within the meaning of La.Civ.Code arts. 577 and 578. Article 577 provides:

The usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident, from the normal use of the things, or from his fault or neglect.

The naked owner is responsible for extraordinary repairs, unless they have become necessary as a result of the usufructuary's fault or neglect in which case the usufructuary is bound to make them at his cost.

3

Article 578 provides:

Extraordinary repairs are those for the reconstruction of the whole or of a substantial part of the property subject to the usufruct. All others are ordinary repairs.

The trial court then concluded:

In this case, the named defendants, who are naked owners, do not have the right to perform any ordinary repairs pursuant to La.Civ.Code Art. 577. The right to perform ordinary repairs and the responsibility to inspect the property for defects remains with the usufructuary. Since the naked owners do not possess a legal duty to inspect the property for maintenance of ordinary repairs, knowledge of the hole cannot be imputed to the naked owners. Based on La.Civ.Code 2317.1, knowledge of the ruin, vice, or defect is an essential element to the plaintiff's claim.

After re-examination of the legal issues, this court believes that the named defendants, Elizabeth Smith Distefano a/k/a Elizabeth Smith Matney, Anita Smith Campo a/k/a Anita Smith Campo Brewer, and Graham L. Smith, Jr., have established that an absence of factual support for one or more essential elements to the plaintiff's claim exists. The plaintiff's [sic] have not produced evidence to establish that these defendants had the control of the property; that these defendants had a duty to inspect the property for required ordinary repairs; or that these defendants knew or should have known in the exercise of reasonable care that the hole was present.

Zurich assigns as error the trial court's holding that the "hole in the ground" was not an extraordinary repair and that the issue of whether defendants had notice of the hole in the ground is an issue for the jury. Article 578 defines extraordinary repairs as being "for the reconstruction or the whole or of a substantial part." We agree with the trial court that a hole in the ground is not an extraordinary repair, as defined by Article 578, that a naked owner would be obligated to repair. *See Succession of Crain*, 450 So.2d 1374, (La.App. 1 Cir. 1984), where painting the interior and exterior of a house, repairing leak spots, removing glass mold in the kitchen, den and bedroom and resealing water leaks, replacing a frame of glass, erecting an iron post around an electrical substation, removing a small tree, and

4

making repairs to an air-conditioning system were found to be ordinary repairs, and repairs to a dock, a boat slip, and a roof were found to be extraordinary repairs.

We also find no error with the trial court's conclusion that Ms. Distefano, Ms. Campo, and Mr. Smith, Jr. did not have control of the property or a duty to inspect the property or knew, or should have known in the exercise of reasonable care, that the hole was present. Mr. Smith, Sr.'s usufruct of the Holt residence was a usufruct of a nonconsumable, La.Civ.Code art. 537, which gave him the right to possess the property and "to derive the utility, profits, and advantages" from it "under the obligation of preserving [its] substance." La.Civ.Code art. 539. As usufructuary, he is bound to use the property as a prudent administrator, La.Civ.Code art. 539, and is "answerable for losses resulting from his fraud, default, or neglect." La.Civ.Code art. 576.

As the trial court discussed, Articles 577 and 578 address responsibility for ordinary and extraordinary repairs. In conjunction therewith, Article 579 provides that the naked owner may compel the usufructuary to make repairs for which he is responsible, *but* the usufructuary may not compel the naked owner to make extraordinary repairs. If extraordinary repairs are needed, the usufructuary's only recourse is to make the repairs and seek reimbursement from the naked owner. La.Civ.Code art. 579. The usufructuary, not the naked owner, is answerable for all expenses necessary for the preservation and use of the property subject to the usufruct. La.Civ.Code art. 581.

The rights and obligations of the naked owner are limited in comparison to those of the usufructuary. The naked owner can dispose of his naked ownership and the alienation or encumbrance of the property subject to the usufruct; however, he

5

cannot affect the rights of the usufructuary. La.Civ.Code art. 603. Furthermore, the naked owner must not interfere with the rights of the usufructuary and may not make alterations or improvements to the property. La.Civ.Code arts. 605 and 606.

Consideration of the rights and obligations of the usufructuary and the naked owner leads to the conclusion that the usufructuary, not the naked owner, is obligated to maintain the property subject to the usufruct. Accordingly, we find no error with the trial court's conclusion that Ms. Distefano, Ms. Campo, and Mr. Smith, Jr. do not have a duty to inspect and maintain the property at issue.

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Zurich North America Insurance Company.

**AFFIRMED.**