STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-892


DOUGLAS CORMIER, ET AL.

VERSUS

LOUISIANA FARM BUREAU CASUALTY INS. CO., ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2009-10969
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.


AFFIRMED.


Jeffrey M. Bassett
Patrick C. Morrow, Sr.
Candyce C. Gagnard
Richard T. Haik, Jr.
Morrow, Morrow, Ryan & Bassett
Post Office Drawer 1787
Opelousas, LA 70571
(337) 948-4483
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Joann Cormier
    Douglas Cormier

**Peter F. Caviness**
**Dauzat, Falgoust, Caviness**
**Post Office Drawer 1450**
**Opelousas, LA   70571-1450**
**(337) 942-5811**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Louisiana Farm Bureau Casualty Insurance Company**
     **Terry Faul**

**Ian A. Macdonald**
**Jones Walker**
**Post Office Drawer 3408**
**Lafayette, LA   70502-3408**
**(337) 539-7600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Louisiana Farm Bureau Casualty Insurance Company**
     **Beverly Lantier Leger**

**Matthew J. Hill, Jr.**
**4010 W. Congress Street, Suite 207**
**Lafayette, LA   70506**
**(337) 989-8100**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Barbara Lantier Comeaux**
     **Patsy Lantier Bienvenu**
     **Sapha Lantier Richard**

**AMY, Judge.**

The plaintiffs allege that their car struck a cow on the road, causing injuries to the driver and the passenger of the car. The plaintiffs filed suit against the farmer who owned the cow, the usufructuary who granted the farmer a pasture lease on the property from which the cow escaped, the naked owners of that property, and various insurance companies. Four of the five naked owners filed motions for summary judgment, arguing that they had no liability to the plaintiffs as the naked owners of the property. The trial court granted the motions for summary judgment and dismissed the plaintiffs' claims against them. The plaintiffs appeal. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, Joann Cormier and her daughter Meka Cormier were travelling along Louisiana Highway 98 in September 2008, when Joann struck and killed a cow that had wandered into the road. Joann and her husband Douglas Cormier filed suit, individually and on behalf of Meka, alleging that Joann and Meka suffered injuries as a result of the accident. Douglas also sought loss of consortium damages. The Cormiers initially filed suit against Terry Faul, alleging that he owned the cow and that he was negligent in failing to maintain his fences. The Cormiers also named as defendants Beverly Lantier Leger, Patsy Lantier Bienvenu, Barbara Lantier Comeaux, Erleen M. Lantier a/k/a Erleen L. Avelino, and Sapha Lantier Richard (the Lantier sisters). The Cormiers alleged that, as the owners of the property from which the cow escaped, the Lantier sisters were negligent in failing to require Mr. Faul to maintain the fences. After learning that the Lantier sisters were the naked owners of the property and that their mother, Louetta Marie Breaux Lantier,[1] was the

---

[1] We observe that Mrs. Lantier's name is spelled as both "Louetta" and "Luetta" in the record. However, the record indicates that Mrs. Lantier signs her name as "Louetta," and we use that spelling.

usufructuary, the Cormiers amended their petition on more than one occasion to add Mrs. Lantier and various insurance companies as defendants. [2]

One of the Lantier sisters, Erleen Avelino, filed a motion for summary judgment. That motion was granted, and the Cormiers' claims against Erleen were dismissed. [3] Barbara, Sapha, and Patsy subsequently filed separate motions for summary judgment. Beverly and Beverly's homeowners' insurer also filed a motion for summary judgment. Therein, they contended that, as the naked owners of the property, the Lantier sisters had no liability to the Cormiers. After a hearing, the trial court granted those motions and dismissed the Cormiers' claims against the remaining Lantier sisters and Beverly's homeowners' insurance company.

The Cormiers appeal, asserting that "[t]he trial court erred in granting the summary judgment of Beverly Lantier Leger and Louisiana Farm Bureau Mutual Insurance Company, Barbara Lantier Comeaux, Sapha Lantier Richard, and Patsy Lantier Bienvenu."

**Discussion**

*Motions for Summary Judgment*

In their motions for summary judgment, the Lantier sisters described the Cormiers' allegations as that the Lantier sisters were negligent in failing to maintain the fences, in allowing livestock to roam freely, and in failing to terminate the lease. The Lantier sisters contended that they did not have power, authority, or control over Mr. Faul's actions as lessee. Further, the Lantier sisters contend that, as the naked

---

[2] We observe that Mr. Faul filed an exception of *lis pendens*, contending that the Cormiers had previously filed suit in St. Landry Parish under docket number 09-C-0110-C. According to the record, several of the Lantier sisters filed exceptions of improper venue, and Mr. Faul filed a motion to transfer venue in the St. Landry Parish case. That motion was granted, and the case was transferred to Acadia Parish.

[3] According to the record, Erleen filed her motion for summary judgment in the St. Landry Parish case. The Cormiers have not appealed the granting of the motion for summary judgment with regard to Erleen.

owners of the property, they were only required to contribute towards extraordinary repairs and that they had no duty to inspect the property. The Lantier sisters also argued that they could not interfere with the usufructuary's rights.

The Cormiers, citing *Murillo v. Hernandez*, 00-1065 (La.App. 5 Cir. 10/31/00), 772 So.2d 868, and *Turnbow v. Wye Electric, Inc.*, 38,948 (La.App. 2 Cir. 9/22/04), 883 So.2d 469, contended that the Lantier sisters were liable because they had actual knowledge that the fences were not being maintained properly and that cows had gotten out on several other occasions. The Cormiers also contended that the Lantier sisters had an obligation to terminate Louetta's usufruct and that Barbara and Sapha should have terminated Mr. Faul's lease. After a hearing on the motions for summary judgment, the trial court granted the motions and dismissed the Cormiers' claims against Barbara, Sapha, Patsy and Beverly, as well as the claims against Beverly's homeowners' insurance company.

In *Bergeron v. Liberty Mutual Insurance Co.*, 12-86, pp. 2-3 (La.App. 3 Cir. 6/6/12), 92 So.3d 645, 647, *writ denied*, 12-1538 (La. 10/12/12), 98 So.3d 873, a panel of this court discussed the appellate review of motions for summary judgment, stating:

> The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).[4] Appellate review of a summary judgment is de novo, applying the same standard as the trial court. *Smith*

---

[4] We note that La.Code Civ.P. art. 966(B) was amended by the legislature in 2012 to state that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Further, the legislature amended La.Code Civ.P. art. 966(E)(2) to include that "[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion."

The effective date of the amendments was August 1, 2012. The hearing on the motion for summary judgment in this matter was held on January 30, 2012. Accordingly, we refer to the pre-amendment version of Article 966.

*v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730.

Further, "[t]he burden of proof on the motion for summary judgment remains with the movant. La.Code Civ.P. art. 966(C)(2)." *Id.*

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

*Liability as Naked Owners for Maintenance of Fences*

The first argument asserted by the Lantier sisters is that, as naked owners of the property, they are not liable for the negligence of the usufructuary or the usufructuary's tenant. The Cormiers contend that the Lantier sisters' assertion is incorrect and that the Lantier sisters should have terminated the usufruct based on the failure to make repairs. The record indicates that Howard and Louetta Lantier divided a parcel of real estate into five tracts and donated a tract to each of their five daughters. Howard and Louetta retained a usufruct over the property. Further, Louetta signed a power of attorney in favor of Howard and, in the event of his death, Barbara and/or Sapha. Howard and Louetta entered into a pasture lease with Mr. Faul, which, in part, required him to "maintain all fences and property of Lessor and Lessee agrees to furnish all materials needed for said maintenance." According to the record, Howard passed away before the Cormiers' accident. In their depositions, Barbara and Sapha testified that when the lease term expired, exercising power of attorney on behalf of Louetta, they verbally extended the pasture lease with Mr. Faul.

4

Louisiana Civil Code Article 2321 addresses liability for damages caused animals, stating:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Since the 1996 amendments to Article 2321, strict liability is no longer imposed for all animals, with the exception of dog owners. *Honeycutt v. State Farm Fire & Cas. Co.*, 39,301 (La.App. 2 Cir. 12/22/04), 890 So.2d 756, *writ denied*, 05-184 (La. 3/24/05), 896 So.2d 1046. Therefore, owners of animals other than dogs are subject to the standard for ordinary negligence. *Id.* "Absent negligence, a cow confined within fencing of proper height and maintenance will not wander into the center of the roadway in the middle of the night, endangering motorists." *Id.* at 761. *See also Jamison v. Williamson*, 174 So.2d 285 (La.App. 2 Cir. 1965). The Cormiers contend that Mr. Faul and/or the Lantiers were negligent in maintaining the fences, allowing the cow to escape.[5]

Louisiana Civil Code Article 577 addresses the allocation of the responsibility for repairs between the naked owner and the usufructuary, stating:

> The usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident or *force majeure*, the normal use of things, or his fault or neglect.

---

[5] We note that the deposition testimony was that the cow escaped from "Gate No. 4," which was located on Barbara's portion of the property. Mr. Faul testified that "Gate No. 4" was secured with a latch and a knotted rope, and that, on the date of the accident, the gate was open and the rope was on the ground. When it was suggested that one of the cows may have untied the knot, Mr. Faul stated, "I wish I could find out which one it was 'cause I could be rich."

The naked owner is responsible for extraordinary repairs, unless they have become necessary as a result of the usufructuary's fault or neglect in which case the usufructuary is bound to make them at his cost.

Further, La.Civ.Code art. 578 specifies that "[e]xtraordinary repairs are those for the reconstruction of the whole or of a substantial part of the property subject to the usufruct. All others are ordinary repairs." Similarly, La.Civ.Code art. 579 provides, in relevant part, that "the naked owner may compel the usufructuary to make the repairs for which the usufructuary is responsible. The usufructuary may not compel the naked owner to make the extraordinary repairs for which the owner is responsible."

In *Walker v. Holt*, 03-1722 (La.App. 3 Cir. 9/29/04), 888 So.2d 255, a panel of this court discussed the naked owners' liability to a deliveryman who injured himself after stepping in a hole on the property. The *Walker* court stated that:

The rights and obligations of the naked owner are limited in comparison to those of the usufructuary. The naked owner can dispose of his naked ownership and the alienation or encumbrance of the property subject to the usufruct; however, he cannot affect the rights of the usufructuary. La.Civ.Code art. 603. Furthermore, the naked owner must not interfere with the rights of the usufructuary and may not make alterations or improvements to the property. La.Civ.Code arts. 605 and 606.

Consideration of the rights and obligations of the usufructuary and the naked owner leads to the conclusion that the usufructuary, not the naked owner, is obligated to maintain the property subject to the usufruct. Accordingly, we find no error with the trial court's conclusion that [the naked owners] do not have a duty to inspect and maintain the property at issue.

*Id.* at 258-59.

Even assuming that Mr. Faul failed to adequately maintain the property, the Lantier sisters, as naked owners, did not have a duty to inspect and maintain the property. *See Walker*, 888 So.2d 255. The Cormiers' assertion that the Lantier sisters were negligent in failing to maintain the fences is without merit.

Further, following that reasoning, the Cormiers' assertion that the Lantier sisters are liable for the negligence of the usufructuary's lessee is also without merit. The Cormiers point to two cases, *Murillo*, 772 So.2d 868, and *Turnbow*, 883 So.2d 469, which they contend support their argument that a naked owner may be liable for the negligence of the usufructuary's lessee. In *Murillo*, 772 So.2d at 871, the fifth circuit discussed a landlord's liability for damages caused by a tenant's animal, stating:

> Although a landlord is strictly liable for injuries caused by vices or defects of his building, he is not liable to a third person for injuries caused by his lessee's animal. The strict liability of the animal owner under C.C. art. 2321 cannot be imputed to a non-owner. *Parr v. Head*, 442 So.2d 1234, 1235 (La.App. 5 Cir. 1983). The landlord may still be liable for negligence under La. C.C. arts. 2315-2316, however, if there is a violation of duty and that violation is a cause-in-fact of an injury. *Id.* This has been interpreted within this Circuit to mean that the record must show the landlord had actual knowledge of the dog's vicious propensity. *Compagno v. Monson*, 580 So.2d 962, 966 (La.App. 5 Cir. 1991).

We do not find that the circumstances described in *Murillo* and *Turnbow* are applicable to this case. The record indicates that the Lantier sisters are the naked owners of several adjoining tracts of property which the usufructuary, their mother, rents to Mr. Faul. Although *Murillo* and *Turnbow* indicate that, in certain circumstances, a landlord may be liable for negligence involving injuries caused by a lessee's animal, the Lantier sisters are not Mr. Faul's landlords.[6] As previously discussed, as the naked owners, the Lantier sisters have no obligation to inspect the property or to require the usufructuary to make ordinary repairs. Accordingly, we find no merit to the Cormiers' argument in this regard.

---

[6] We observe that in *Verdun v. Herbert*, 03-225 (La.App. 5 Cir. 5/28/03), 848 So.2d 138, the fifth circuit extended the holding in *Murillo* to a contractor who may have left a door open, allowing his client's dog to escape and cause a bicycle accident. The fifth circuit stated, "[t]he duty in this case does not arise from Mr. Arcement's status as an independent contractor or whether he may have left the door open. Had plaintiff established that Mr. Arcement had knowledge of the dog's propensity, then his actions, if any, may have subjected him to liability for negligence under La. Civil Code art. 2316." *Verdun*, 848 So.2d at 141. Although the Cormiers submitted evidence, in the form of depositions, that the Lantier sisters knew that cows had previously escaped from the property, as discussed elsewhere in this opinion, they submitted no evidence that the Lantier sisters' actions or inactions violated any duty to the Cormiers.

Nor do we find that a naked owner is required to terminate the usufruct if the usufructuary fails to make ordinary repairs. Louisiana Civil Code article 623 states that "[t]he usufruct *may* be terminated by the naked owner if the usufructuary commits waste, alienates things without authority, neglects to make ordinary repairs, or abuses his enjoyment in any other manner." (Emphasis added.) "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. Further, "[t]he words of a law must be given their generally prevailing meaning." La.Civ.Code art. 11. *See also* La.R.S. 1:3 ("The word "shall" is mandatory and the word "may" is permissive."). The plain language of Article 623 permits the naked owner to terminate the usufruct if the usufructuary neglects to make ordinary repairs but does not require it. Accordingly, we find no error in the trial court's judgment with regard to this argument.

*Liability for Failure to Terminate Lease*

The Cormiers also assert that the Lantier sisters, especially Barbara and Sapha, are liable because they had actual knowledge that Mr. Faul was not maintaining the property and that they failed to terminate the lease.

With regard to the naked owners' responsibility to terminate the lease, La.Civ.Code art. 605 provides that "[t]he naked owner must not interfere with the rights of the usufructuary." One of the rights afforded to a usufructuary is the right to lease the property. La.Civ.Code art. 567. *See also McDaniel v. Ortego*, 365 So.2d 1159 (La.App. 3 Cir. 1978). Accordingly, as the Lantier sisters were obligated not to interfere with Louetta's right to lease the property, we find that the Cormiers' argument in this regard is without merit.

The Cormiers also assert that Barbara and Sapha, as Louetta's mandataries, are liable for failing to terminate the lease. However, "[t]he court may consider as

8

abandoned any specification or assignment of error which has not been briefed." Uniform Rules—Courts of Appeal, Rule 2-12.4. Further, "[r]estating an assigned error in brief without argument or citation of authority does not constitute briefing." *State v. Caffrey*, 08-717, p. 7 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 203, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297. The Cormiers merely restate their argument and cite no authority in support thereof. For this reason, we do not consider the Cormiers' argument in this regard.

Based on our review of the record, we find that there is no genuine issue of material fact and that the Lantier sisters are entitled to judgment as a matter of law. Thus, we find no error in the trial court's grant of summary judgment in favor of Barbara, Sapha, Patsy, Beverly and Louisiana Farm Bureau Mutual Insurance Company.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Beverly Lantier Leger and Louisiana Farm Bureau Mutual Insurance Company, Barbara Lantier Comeaux, Sapha Lantier Richard, and Patsy Lantier Bienvenu. The costs of this appeal are allocated to the plaintiffs–appellants, Douglas Cormier and Joann Cormier, individually and on behalf of Meka Cormier.

**AFFIRMED.**