# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 23-354 consolidated with CA 23-353

**J. CORY CORDOVA, M.D.**

**VERSUS**

**LAFAYETTE GENERAL HEALTH, INC., UNIVERSITY HOSPITALS & CLINICS, LAFAYETTE MEDICAL CENTER, INC., AND KAREN CURRY, M.D.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20222976
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GUY E. BRADBERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Guy E. Bradberry, Judges.

**AFFIRMED AS AMENDED.**

**James H. Gibson**
**Stacy N. Kennedy**
**Gibson Law Partners, LLC**
**P.O. Box 52124**
**2448 Johnston Street**
**Lafayette, LA 70503**
**(337) 761-6023**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Lafayette General Medical Center, Inc.**
    **Lafayette General Health System, Inc.**
    **University Hospital & Clinics, Inc**

**Jennie P. Pellegrin**
**Neuner Pate**
**1001 West Pinhook Road, Suite #2**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Karen Curry, M.D.**

**Christine M. Mire**
**2480 Youngsville Highway, Suite C**
**Youngsville, LA 70592**
**(337) 573-7254**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **J. Cory Cordova, M.D.**

**Cearley W. Fontenot**
**Oats & Marino**
**Gordon Square**
**100 E. Vermilion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louis J. Perret, Lafayette Clerk of Court**

**BRADBERRY, Judge.**

J. Cory Cordova, M.D., appeals a trial court judgment awarding sanctions pursuant to La.Code Civ.P. art. 863 to Lafayette General Health System, Inc., University Hospital and Clinics, Inc., and Lafayette General Medical Center, Inc (the Lafayette General Defendants). Dr. Cordova filed two appeals relating to this matter. At the request of the Lafayette General Defendants, the two cases were consolidated by order of this court on August 17, 2023. The consolidated case concerns the sustaining of an exception of res judicata filed by the Lafayette General Defendants at a previous hearing and is docketed under number 23-353.

## FACTS

The procedural facts of this case are thoroughly discussed in the consolidated case of *Cordova v. Lafayette Gen. Med. Ctr., Inc., et al*, 23-353 (La.App. 3 Cir.     ), ___ So.3d ___. Therefore, we will include a short recitation of necessary facts concerning the issue involved in this case.

Dr. Cordova initially filed suit against the Lafayette General Defendants and other parties in state district court in 2019. He alleged breach of his residency contract, due process violations, and improper dissemination of false information about his substandard performance to other residency programs. The case was removed to federal court on the basis of subject matter jurisdiction. The United States District Court, Western District Court of Louisiana issued rulings in favor of all defendants, including the Lafayette General Defendants. Dr. Cordova appealed the ruling to the U.S. Fifth Circuit and petitioned the United States Supreme Court for review, with no rulings in his favor. With all issues concerning these defendants decided, the western district federal court remanded a legal malpractice claim that Dr. Cordova filed against a former attorney and his law firm to the state district court.

Subsequently, Dr. Cordova filed a new lawsuit in state district court on June 9, 2022, but only named the Lafayette General Defendants and Dr. Karen Curry as defendants. This time, Dr. Cordova sought injunctive and declaratory relief in addition to damages. Dr. Cordova once again complained about the release of the same information in his residency file. The Lafayette General Defendants filed an exception of res judicata on July 6, 2022. The Lafayette General Defendants then filed a motion for sanctions on July 12, 2022, alleging that Dr. Cordova and his counsel filed this "legally and factually baseless suit . . . for the purposes of harassment and needless increase of Defendants' litigation costs and wasting judicial resources[.]" Thereafter, Dr. Cordova filed a motion for a stay of proceedings on July 20, 2022, claiming that he filed a motion from relief of judgment in the federal court pursuant to Fed. Rule Civ.P. art. 60(b), asking for clarification of the federal judgment or that it vacate its judgment based on newly discovered evidence, misrepresentations by the defendants, and a change in the law. Dr. Cordova acknowledged that this motion was filed in response to the exception of res judicata. On August 22, 2022, the state district court signed a judgment denying the motion to stay proceedings. Dr. Cordova then filed another motion to stay proceedings alleging lack of subject matter jurisdiction for the case he filed in state district court. A hearing was held on December 12, 2022. Judgment was signed on December 28, 2022, denying this motion to stay.

A hearing on the motion for res judicata was held on December 14, 2022, and the trial court sustained the Lafayette General Defendants' exception of res judicata. Dr. Cordova appealed that decision, and we have affirmed that ruling in the consolidated case. *Cordova*, ___ So.3d ___.

2

Subsequently, a hearing on the motion for sanctions was held on February 22, 2023, in the state district court. The state district court took the matter under advisement and issued a written ruling on March 3, 2023, granting the motion for sanctions. On March 13, 2023, the Lafayette General Defendants submitted an affidavit of counsel attesting to counsel's rates, fees, and expenses. They sought $147,400.00 in attorney fees and $7,565.83 in expenses. The trial court issued a ruling on March 29, 2023, awarding $91,600.00 in attorney fees and $6,790.17 in expenses. Judgment was entered against both Dr. Cordova and his counsel, Christine Mire, on that same day. Only Dr. Cordova appealed the judgment.

## DISCUSSION

A trial court's determination to award sanctions is reviewed on appeal utilizing the manifest error standard of review; the determination of the type and/or amount of sanctions is reviewed on appeal utilizing the abuse of discretion standard. *Acosta v. B&B Oilfield Servs., Inc.* 12-122 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263. "The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." La.R.S. 13:4533.

In its written reasons for awarding sanctions the state district court stated:

> When the Instant Suit was filed, Plaintiff and his counsel were well aware that they had already filed suit seeking relief against the Lafayette General [D]efendants as to all of these issues-placing of Plaintiff on probation during his first year residency, the filing of a Request for Adverse Action against Plaintiff, creating a substandard milestone evaluation noting deficiencies in Plaintiff's performance, and non-renewal of Plaintiff's participation in the residency program- in *Cordova I.* The filing of the Instant Suit against the Lafayette General Defendants was clearly precluded by res judicata. It was not warranted by existing law. Furthermore, Plaintiff's allegations as to "new evidence" against the Lafayette General Defendants does not constitute a non-frivolous argument for modification of existing law. Plaintiff had the ability to avail himself of all evidence in the course of *Cordova I.*

3

Despite Plaintiff's arguments, there was no procedural bar to Plaintiff during *Cordova I* to prevent a full litigation of the issues. A removal to federal court does not obviate any causes of action. If Plaintiff failed to take action in the course of *Cordova I* as to all of the claims asserted, res judicata would bar re-litigation of those issues.

La. Code Civ. Proc. Ann art. 863(D) provides:

> If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

In filing the Instant Suit, Plaintiff and his counsel knew they were asserting the same claim of falsity of the same information as was the subject of the litigation in *Cordova I*. Plaintiff's counsel knew the claim was barred by res judicata. Her actions in seeking a stay of the Instant Suit and attempting to re-open *Cordova I* after the exception of res judicata was filed, demonstrate this knowledge. Sanction is appropriate in this case. The Lafayette General Defendants incurred attorney fees and expenses in obtaining their dismissal from the Instant Suit and are entitled to be paid by Plaintiff and his attorney the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees as an appropriate sanction.

The Lafayette General Defendants note that Dr. Cordova has not briefed the issues presented regarding sanctions but simply reiterated the exact arguments in his brief regarding the res judicata arguments set forth in the consolidated case. They are correct.

Uniform Rules – Courts of Appeal, Rule 2-12.4(B)(4) provides that "[a]ll assignments of error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed." This court has observed that merely reiterating an assignment of error without any argument or citation of authority does not equate to briefing. *Cormier v. Louisiana Farm Bureau Cas. Ins. Co.*, 12-892 (La.App. 3 Cir. 2/6/13), 109 So.3d 509, *writ*

*denied*, 13-427 (La. 4/5/13), 110 So.3d 596; *Galland v.* Galland, 14-343 (La.App. 3 Cir. 11/26/14), 152 So.3d 1090, *writ denied*, 15-319 (La. 4/17/15), 168 So.3d 404; *Hartman v. Hartman*, 22-103 (La.App. 3 Cir. 12/7/22), 355 So.3d 114.

In brief, counsel for Dr. Cordova states that it was her sole responsibility for the content of the pleadings and her First Amendment rights protected any arguments made as Dr. Cordova's attorney on his behalf, with no supporting reasons. In the argument section of the brief, counsel goes on to reiterate the exact content of her brief in the consolidated action regarding the sustaining of the exception of res judicata, once again attempting to get another attempt at the same argument made both in federal court and state court. No arguments regarding the sanctions and attorney fees awarded were made. It is not until the conclusion in the brief, that counsel once again makes the statement that she was entitled to bring this action on behalf of Dr. Cordova and sanctioning him restricts his counsel's First Amendment rights to make substantive arguments in court. No other support is offered for this assertion.

We find that Dr. Cordova has failed to properly brief any argument regarding the award of sanctions. As noted by the supreme court in *In re McCool*, 15-284 (La. 6/30/15), 172 So.3d 1058, *cert. denied*, 577 U.S. 1120, 136 S.Ct. 989 (2015), the use of the First Amendment free speech rights of an attorney can be invoked in certain legal contexts, it does not provide a universal shield against sanctions. We find no manifest error in the trial court's ruling granting sanctions under La.Code Civ.P. art. 863.

The Lafayette General Defendants answered the appeal and contend they should have been awarded the full amount of requested attorney fees and expenses.

They also request an award of attorney fees and costs incurred in defending this appeal pursuant to La.Code Civ.P. art. 2164.

In written reasons for ruling on the award of attorney fees, the state district court stated:

> The Court finds that the award of fees for the employees of the attorneys to make copies is not a reasonable expense and those have been disallowed. In addition, the cost of copies has been reduced as well as some of the time entries by the attorneys. The rate charged by the attorneys has not been reduced.

We find no abuse of discretion in disallowing the costs to make the copies when it allowed the costs of the copies, although at a reduced rate. Although we do not know specifically what time entries of the attorneys were disallowed, we also find no abuse of discretion in the trial court's determination after its review of the submitted entries.

We do find that the Lafayette General Defendants are entitled to an award of damages for the filing of a frivolous appeal. As indicated by Dr. Cordova's brief, there was no effort put into this appeal except simply reiterating his exact arguments in the consolidated case. Therefore, we award the Lafayette General Defendants $7,500.00 in attorney fees for work performed on this appeal.

For the above reasons, the judgment of the trial court awarding sanctions to the Lafayette General Defendants is affirmed. We amend the judgment and award an additional $7,500.00 in attorney fees. Costs of this appeal are assessed against Dr. J. Cory Cordova.

**AFFIRMED AS AMENDED.**