385 So.2d 334 (1980)
John G. THOMPSON and Faye M. Thompson
v.
Louis Leonard SICARD, Lurline McMillan Sicard and First of Georgia Underwriters Company.
No. 13232.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
William R. Aaron, Baton Route, of counsel, for plaintiffs-appellees, John G. Thompson and Faye M. Thompson.
Charles A. O'Brien, III, Baton Rouge, of counsel, for defendants-appellants, Louis Leonard Sicard, Lurline McMillan Sicard and First of Georgia Underwriters Co.
*335 Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
John G. Thompson and Faye M. Thompson, husband and wife, brought suit against Louis L. Sicard and Lurline M. Sicard, husband and wife, and their homeowner's insurer, First of Georgia Underwriters Company, alleging injuries to Mrs. Thompson resulting from a fall when she tripped over a dog belonging to the Sicards. The trial court awarded Mrs. Thompson $25,000.00 and defendants appealed.
The evidence shows that on the morning of December 7, 1976, Mrs. Thompson put her own dog out for a short time and when she opened her door to let it back in, the Sicard's dog came in with the Thompson's dog. (In setting out the facts we refer to the dog in question as the Sicard's dog although defendants deny ownership.) It was not contended that the dog was dangerous, vicious or had ever harmed anyoneon the contrary, it was a mixed bred German Shepherd-Collie puppy weighing between twenty-five and forty pounds. When Mrs. Thompson commanded the dog to leave, it came to her near the door and rolled over on its back. In an attempt to nudge the dog out with her foot, she fell, injuring her left knee. After getting up, she again tried to nudge the dog out, fell again and injured her right knee. Mrs. Thompson was taken to the hospital where her injuries were diagnosed as an avulsion of both patella tendons. An orthopedic surgeon performed a bilateral patella tendon repair. She remained in the hospital until December 23, 1976 at which time she returned home in full length casts. It might also be noted that Mrs. Thompson was a chronic renal failure patient and had been on dialysis for five years. This added to her problem since she had to be transported to the Baton Rouge Kidney Center three times each week. Mrs. Thompson's mother came to stay with her on December 9, 1976 until March 11, 1977 to care for plaintiff's children and do the housework. She testified that her daughter was in severe pain during that period. There was some question as to whether Mrs. Thompson fell forward or backward, but needless to say, the medical report shows the patella regions of both legs were extremely swollen bilaterally and palpation elicited pain.
Appellants contend that there was no showing of ownership of the dog nor proof that the dog in question caused the injury; that the court erroneously applied the doctrine of strict liability; that the court erred in assessing damages for the second injury and that the court erred in refusing to allow defendant the right to re-cross examination of the plaintiff.
In support of appellant's first contention they cite Leger v. La. Dept. of Wildlife and Fisheries, 306 So.2d 391 (La.App. 3rd Cir. 1974) which involved the question of state ownership of wild deer which damaged plaintiff's potato crop. The court held that the state owns wild birds and quadrupeds in the sovereign capacity rather than in a proprietary capacity. L.S.A.-C.C. art. 2321 states in part that, "The owner of an animal is answerable for the damage he has caused ...." Jurisprudence has extended this article to include a domestic animal which is actually or constructively under control of or is harbored by the defendant. Tillman v. Cook, 3 So.2d 230 (La. App. Orleans 1941). The absolute wording of C.C. art. 2321 has further been interpreted to be less than absolute and therefore subject to the fault requirements of articles 2315 and 2316 of the Civil Code.
Based upon the record, we have no difficulty in finding that the Sicards harbored the dog in question and are therefore "owners" under C.C. article 2321.
Negligence of the owner is more difficult. The courts have distinguished between keepers of wild as opposed to domestic animals, applying the doctrine of strict and absolute liability to the former[1] while requiring some amount of negligence in *336 cases involving animals "mansuetae naturae". In the latter classification it has generally been held that the keeper must know or should have known of a dangerous propensity in the animal in question in order to be held liable. In the instant case, there existed no "dangerous propensity" in the dog and the unfortunate injury was caused by the manner in which appellee attempted to remove the dog from her premises. Liability of the owner of an animal for damages to another person is in the nature of strict liability and the owner is presumed to be at fault; however, this presumption may be rebutted by showing the harm was caused by fault of the victim. Normand v. City of New Orleans, 363 So.2d 1220 (La. App. 4th Cir. 1978).
In the instant case, we are of the opinion that Mrs. Thompson was at fault in attempting to remove the dog from her premises in such manner and that as a result she tripped and was injured. This is particularly true in view of her physical condition and doubly so in that she repeated the error and injured herself a second time.
The court was correct in applying strict liability, but erred in holding that the mere presence of the dog caused an unreasonable risk to appellee. In Daniel v. Cambridge Mutual Fire Ins. Co., Andover, Mass., 368 So.2d 810 (La.App. 2nd Cir. 1979), the court stated, "... there is no duty owed by the owner of an animal to one who voluntarily assumes the risk of injury by the animal."
We are of the opinion that no unreasonable risk was created by the dog and if any risk of any nature existed, Mrs. Thompson voluntarily exposed herself to the danger of tripping over the dog which was more or less motionless on the floor.
For the above reasons, the judgment of the trial court is reversed and plaintiffs' suit is dismissed, plaintiffs to pay all costs.
REVERSED.
NOTES
[1] Briley v. Mitchell, 238 La. 551, 115 So.2d 851

Noted in 34 Tul.L.Rev. 843 (1960)
See also Vredenburg v. Behan, 33 La.Ann. 627 (1881).