WILLIAMS, Judge.
Plaintiff Lillian Boyer sued her daughter for injuries she sustained when her daughter’s cat allegedly caused her to fall. Made defendants were Mrs. Boyer’s daughter and her liability insurer.
The facts of the case are simple. On the morning of the fall, Mrs. Boyer and her daughter were making craft items for the upcoming Christmas season. Mrs. Boyer left the area where she was working, entered the kitchen and proceeded to the sink to wash her hands. Plaintiff claimed that while at the sink her daughter’s cat rubbed up against her legs, causing her to lose her balance and fall.
*31 At trial, the jury awarded plaintiff $100,-000.00 to be reduced by twenty-three percent representing plaintiffs comparative fault. Defendant appeals claiming that the trial judge erred in the jury instructions, that the jury improperly apportioned fault and that the damage award is excessive. Plaintiff answers, requesting that the percentage of fault assessed to her be reduced.
Before considering the appellant’s assignments of error, we find it necessary to distinguish the theories of negligence and strict liability.
Strict liability, based upon the codal articles relating to delictual responsibility, originated in Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971), and subsequently the concept of strict liability was applied to Civil Code Articles 2321, 2318 and 2317. Several Louisiana Supreme Court cases emerged wherein the court expanded on the concept. In Kent v. Gulf States Utilities, 418 So.2d 493 (La.1982), the court distinguished the theories of negligence and strict liability. In outlining the burden of proof in a negligence case, the court stated:
In a typical negligence case against the owner of a thing (such as a tree) which is actively involved in the causation of injury, the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing. Under traditional negligence concepts, the knowledge (actual or constructive) gives rise to the duty to take reasonable steps to protect against injurious consequences resulting from the risk, and no responsibility is placed on the owner who acted reasonably but nevertheless failed to discover that the thing presented an unreasonable risk of harm. Id. at 497.
The court distinguished a strict liability case, stating that under Article 2317 an owner’s duty to protect from harm caused by the thing arises from his relationship to the thing and his responsibility for it rather than his actual or constructive knowledge. As a result, in a strict liability case, the plaintiff is relieved of proving that the owner knew or should have known of the risk; nevertheless, the plaintiff still has the burden of establishing that the thing created an unreasonable risk of harm and that the owner failed to take reasonable steps to prevent the harm. The court said that “[ujnder strict liability concepts, the mere fact of the owner’s relationship with and responsibility for the damage-causing thing gives rise to an absolute duty to discover the risks presented by the thing in custody.” Id.
In Louisiana, the owner of an animal is answerable for the damage which it causes. In Holland v. Buckley, 305 So.2d 113 (La.1974) the Louisiana Supreme Court interpreted article 2321:
“... When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316.”
In sum, the owner of an animal is responsible for the harm it causes, regardless of the dangerous propensity or knowledge thereof. Liability arises solely from the legal relationship between the owner and the animal. Rozell v. Louisiana Animal Breeders Cooperative, 434 So.2d 404 (La.1983). Based upon a careful analysis, the jury instructions are clearly improper.
Plaintiff’s original petition claimed that the defendants were liable under the concept of strict liability. In giving the jury instructions on strict liability, the judge read Civil Code Article 2321 and then said:
In this case, you are required to determine whether:
(A) the animal in question was owned by the defendant;
and (B) whether the animal caused harm to the plaintiff.
If you conclude that the animal in question was owned by the defendant and that it caused harm to the plaintiff, there *32 is a presumption that the owner of the animal was at fault.
These instructions could easily lead jurors to believe that to be at fault a defendant merely needs to own an animal which is involved in some way in an accident, which is obviously incorrect. As stated above, in carrying his burden of proof in strict liability, a plaintiff is relieved only from showing defendant’s knowledge of a defect. The claimant must still prove that under the circumstances the thing, in this case the cat, presented an unreasonable risk of harm which resulted in the damage. Kent, 418 So.2d at 493. The burden of proving that a risk is unreasonable cuts across Louisiana tort law from strict liability through negligence. Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983). Accordingly, the trial judge should have instructed the jury to determine (A) whether the cat was owned by the defendant; (B) whether under the circumstances the cat presented an unreasonable risk of harm; and (C) whether the unreasonable risk of harm resulted in damage to plaintiff. Because we find that the jury instructions are erroneous thereby tainting the jury’s finding of fact, no weight will be accorded to those findings; rather, we are required to make an independent determination of whether plaintiff has proved her case. McLean v. Hunter, 495 So.2d 1298, 1304 (La.1986).
Trial testimony establishes that plaintiff was washing her hands at the sink in her daughter’s kitchen when the cat brushed her legs and she fell. Under the codal and jurisprudential tenents set forth above, plaintiff had to prove that the cat presented an unreasonable risk of harm. We find that it did not.
In Loescher v. Parr, 324 So.2d 441 (La.1975), the court referred to Holland v. Buckley stating:
... [I]n Holland v. Buckley (citation omitted), we held that under Article 2321 the owner of an animal which creates an unreasonable risk of injury to others is liable for the harm done by that animal because of its deficient conduct, even though the owner himself was not personally negligent. Id. at 446 (emphasis added).
We have searched in vain for an animal-related injury case wherein the harm resulted from a non-aggressive act on the part of the animal. A review of the prior jurisprudence reveals that courts have required a showing of some sort of aggressive act on the part of the animal or that the animal is inherently dangerous, e.g. a bull. See e.g. Rozell v. Louisiana Animal Breeders Cooperative, 434 So.2d 404 (La.1983); Thompson v. Sicard, 385 So.2d 334 (La.App. 1st Cir.1980). Plaintiff has failed to establish either of these requirements. Furthermore, we are not prepared to state that a domesticated cat in and of itself constitutes an unreasonable risk of harm.
In light of our conclusions the judgment of the trial court finding liability on the part of the homeowner and her insurer is reversed and the case is dismissed. Each party to bear their own costs.
REVERSED AND RENDERED.