**PENINA GATES, a minor, by and through her Guardian ad litem, UESA V. GATES, Plaintiff**

**v.**

**PHILLIP and KATIE GEBAUER, Defendants**

High Court of American Samoa
Trial Division

CA No. 206-94

December 7, 1995

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:        For Plaintiff, Reginald E. Gates
                For Defendants, Katopau T Ainu'u

Opinion and Order:

## I. INTRODUCTION

In December 1993, defendants Phillip and Katie Gebauer lived in the Village of Vaitogi. Plaintiff Penina Gates was also then a resident of Vaitogi and was a neighbor of the Gebauers. According to witnesses, the Gebauers had two dogs residing on their driveway and in their yard. The Gebauers admit to feeding these dogs, but deny "owning" them. The dogs would bark at people walking past the Gebauer residence, and would often bolt from the yard to chase people.

On December 24, 1993, Penina was riding her bicycle on the public road in front of the Gebauers' residence when the dogs chased her. One bit her right leg. Penina brought her mother to the house and pointed out the dog which had bitten her. At that time, Katie Gebauer apparently told Penina and her mother that she owned the dog. Later, Katie Gebauer took the dog to the veterinarian to have it checked for rabies or other communicable diseases. The dog continued living in the Gebauers' yard for at least nine months after the incident.

## II. DISCUSSION

### A. Ownership of the Dog

■ The Gebauers' defense rests primarily upon their claim that they do not own the dog which bit Penina. Ownership of an animal, insofar as it creates liability for an injury caused by that animal, is not defined by a set of well-established criteria. However, a number of courts have said that "harboring" an animal or exercising "apparent ownership" is enough to create liability. *See, e.g., Thompson v. Sicard*, 385 So. 2d 334, 335 (La. App. 1980) (stating that an animal is "owned" by a person with actual or constructive control over the animal or who harbors it); *Hornbein v. Blanchard*, 35 P. 187 (Colo. App. 1893) ("Keeping [the dog] upon the premises . . . was sufficient to fix liability."); *Shultz v. Griffith*, 72 N.W. 445, 446 (Iowa 1897) (stating that the word "owner" in the dog-bite statute includes anyone who has a dog in his possession and harbors it on his premises).

124

Under these standards, the Gebauers are the "owners" of the dog. They allowed it to live on their property, apparently making no effort to remove it. They continued to allow it to live there for over nine months after Penina was bit. They also fed the dog, and on at least one occasion, Katie Gebauer admitted that she was the dog's owner. She took the dog to the veterinarian after it had bitten Penina. We find that the Gebauers were the dog's owners, at least insofar as fixing liability for its biting Penina.

## B. Standard of Care

■  While some jurisdictions apply strict liability to dog-bite cases, others rely on a negligence theory. We believe the proper standard is somewhere in between. Where a dog bites a person, the owner will be presumed to be at fault. *Cf. Holland v. Buckley*, 305 So. 2d 113, 119 (La. 1974). This presumption, however, can be overcome by an affirmative showing on the part of the defendant that the harm was caused by the fault of the plaintiff, the fault of a third person for whom the defendant is not responsible, or by an independent cause. *Cf. id.*

■  The presumption that the owner is at fault is particularly strong where, as here, the dog bit a person on public property, the owner having taken no steps to maintain control over the animal, instead allowing it to run free. The owner of an animal is under a legal obligation to keep the animal under his control and to guard innocent parties from harm by the animal. *Id.* Failure to do so entitles the injured party to recover from the animal's owner.

Thus, the Gebauers are liable to Penina for the injuries caused by their dog.

## C. Damages

Penina has asked for a total of $6,200 in damages: $5,000 for pain and suffering at various times, $400 for medical expenses, and $800 for disfigurement. However, Penina has not proven the full extent of the requested damages, her injuries were relatively minor, and they have healed. She is entitled to $1,000 for the aggregate of her claims.

It is so ordered.