WALTER J. ROTHSCHILD, Judge.
12Pefendants, Canon Hospice, L.L.C. (“Canon”) and American Alternative Insurance Company (“AAIC”), appeal the trial court’s May 16, 2011 judgment finding them liable for one-third of plaintiffs damages in this case. For the following reasons, we reverse.

FACT AND PROCEDURAL HISTORY

This case arises from an incident that occurred on January 5, 2005 when plaintiff, Lenias Marie, Jr., was at Canon Hospice visiting his father-in-law. Mr. Marie’s father-in-law shared a room with the father of Nicole LaBranche. On that date, Ms. LaBranche brought her Scottish Terrier, Cole, to visit her father. As Mr. Marie was headed to the doorway to get some ice cream for his niece and nephew, Cole was seated on Ms. LaBranche’s lap in a chair near the door. Mr. Marie extended his right hand to pet the dog on his snout when Cole snapped at Mr. Marie and bit his finger, causing damage including some loss of feeling and some restricted movement.
|sOn January 5, 2006, Mr. Marie filed suit against Canon and its liability insurer, AAIC,[1] asserting that Canon, as the owner and operator of the premises where the dog bite occurred, was liable for his injuries. He also asserted that Canon was at fault due to its negligence in failing to maintain the premises in a safe condition, allowing an unreasonably dangerous situation to exist, and failing to warn him of the potentially hazardous condition.
Trial of this matter was held on April 11, 2011. At trial, Mr. Marie testified that he first saw Cole on January 4, 2005 when he visited his father-in-law. According to Mr. Marie, he is a dog lover who had worked with the Jefferson Parish Canine Division training dogs. He stated that he asked Ms. LaBranche if he could pet the dog and she agreed. He also allowed his young niece and nephew to pet Cole that day. He testified that Ms. LaBranche stated that Cole was not aggressive and he did not see anything to indicate that the dog was mean. Cole seemed friendly, behaved, and nice. He did not growl, snarl, run around, or seem agitated. Mr. Marie stated that he did not have any concern about going close to him and “never figured he was going to bite” him.
The next day, January 5, 2005, Cole seemed to have the same temperament as the day before. Mr. Marie was about to exit the room to get some ice cream for the children while the dog was seated on Ms. LaBranche’s lap in a chair near the door. According to Mr. Marie, he asked Cole if he wanted some ice cream and reached near the dog’s face to touch him when Cole jumped forward and bit his finger. Mr. Marie testified that he has a permanent scar on his finger, some “dead *11 ness,” and the top knuckle does not bend all the way down.
The defense called Susan Sexton to the stand. She testified that she is the Human Resources Director at Canon Hospice. She stated that Canon’s policy is to |4allow pets in the facility, but a dog cannot be aggressive and must be muzzled if it barks. She also stated that Canon asks for vaccination records before a dog is allowed in, though she admitted that people who bring animals do not always go to the front desk to be cleared before bringing in a pet.
Dr. Shiva Akula testified that he specializes in internal medicine and has worked with terminally ill patients for at least 20 years. He stated that Canon’s policy is to allow guests to bring pets to the facility, because they have a therapeutic effect, help with depression, and reduce blood pressure and incidents of stroke and heart attacks. He testified that Canon screens for aggressive pets, but they rely on information from the owner or the person bringing the pet and that person is responsible for the pet while at the facility.
Nicole LaBranche testified that she is the owner of an 18 to 20-pound Scottish Terrier named Cole, and she brought the dog to visit her father while he was at Canon Hospice. She stated that she brought him in a carrier and he also had a leash. She testified that on the date of the incident, Cole was on her lap with his leash on and he did not bark, run around, growl, or snarl at anyone. She stated that Mr. Marie did not ask to pet the dog before the dog bit him. She stated that Cole is friendly and she was not concerned about him biting anyone. She admitted that he sometimes plays rough, but does not snap at people hard enough to break the skin. Ms. LaBranche testified that a Canon representative told her that pets were allowed at the facility before her father was admitted. She stated that she was not asked by Canon for Cole’s vaccination records until after he bit Mr. Marie, though the dog did regularly get his shots.
At the conclusion of trial, the trial judge took the matter under advisement. Thereafter, on May 16, 2011, the trial judge rendered a judgment finding Mr. Marie’s damages to be $12,000.00 and finding Canon, Ms. LaBranche, and Mr. |fiMarie equally at fault. The judgment ordered Canon and AAIC to pay plaintiff $4,000.00, plus costs and interests. Canon and AAIC appeal this judgment.

LAW AND DISCUSSION

On appeal, Canon and AAIC note that the trial judge did not provide any reasons for judgment and thus, it is unclear if the trial judge found them liable under the theory of strict liability, premises liability, or general negligence. In their first two assignments of error, Canon and AAIC argue that they cannot be held strictly liable for the actions of a dog owned by another person simply because the dog was on Canon’s premises at the time of the incident. They cite LSA-C.C. art. 2321, which provides that the owner of a dog is strictly liable for damages or injuries caused by the dog which the owner could have prevented and which did not result from the injured person’s provocation of the dog. Mr. Marie responds that the trial court did not find Canon strictly liable, because the pre-trial proceedings indicate that plaintiff was alleging premises liability under LSA-2817.1 and negligence under LSA-C.C. art. 2317.
Although it is unlikely that the trial judge found Canon and AAIC liable under the theory of strict liability, we note that Canon and AAIC are correct that they cannot be found strictly liable under LSA-C.C. art. 2321 for Mr. Marie’s injuries. This Court has previously held that the *12 strict liability of an animal owner under LSA-C.C. art. 2321 cannot be imputed to a non-owner. Murillo v. Hernandez, 00-1065 (La.App. 5 Cir. 10/31/00), 772 So.2d 868, 871; Verdun v. Hebert, 03-225 (La.App. 5 Cir. 5/28/03), 848 So.2d 138, 140; Parr v. Head, 442 So.2d 1234, 1235 (La.App. 5 Cir.1983). Accordingly, we find that Canon and AAIC are not strictly liable for plaintiffs injuries.
In their remaining assignments of error, Canon and AAIC assert that the trial court erred in finding Canon at fault for plaintiffs damages under LSA-C.C. arts. | ,;2317 or 2317.1, because the evidence did not show that Canon had custody of the dog, that the dog created an unreasonable risk of harm, or that Canon breached any duty to Mr. Marie. They claim that Ms. LaBranche is the dog’s owner and she had custody and control of the dog while at the Canon facility. They also assert that Cole was calm and well-behaved until Mr. Marie reached toward the dog’s face while he was seated on his owner’s lap. Mr. Marie responds that Canon had custody of the dog because it could control whether or not the dog was on the premises. He also asserts that the presence of the dog in a medical facility servicing dying patients clearly presents an unreasonable risk of injury or harm.
LSA-C.C. art. 2317 provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications. LSA-C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Custody, distinct from ownership, refers to a person’s supervision and control (garde) over a thing. Hebert v. St. Paul Fire and Marine Ins. Co., 99-333, p. 4 (La.App. 4 Cir. 2/23/00), 757 So.2d 814, 816; Alford v. Home Ins. Co., 96-2430 (La.App. 1 Cir. 11/7/97), 701 So.2d 1375, 1377, writ denied, 97-3029 (La.2/13/98), 709 So.2d 749. Our Louisiana Supreme Court has used a two part test in determining whether the defendant has custody. First, the defendant should have a right of direction and control over the thing. Second, a court should examine what, 17if any, kind of benefit the defendant derives from the thing. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991); King v. Louviere, 543 So.2d 1327, 1329 (La.1989).
 The owner or operator of a facility has the duty to exercise reasonable care for the safety of persons on his premises and the duty to not expose such persons to unreasonable risks of injury or harm. Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La.1993). In determining whether a thing creates an unreasonable risk of harm, the court must balance the likelihood and magnitude of the harm against the utility of the thing. Fisher v. River Oaks, Ltd., 635 So.2d 1209, 1215 (La.App. 5 Cir. 3/16/94), writ denied, 637 So.2d 503 (La.1994).
In the present case, the testimony shows that Ms. LaBranche, not Canon, had custody and control over the dog that bit Mr. Marie. Although Canon had the authority to have the dog removed from the facility *13 if it became disruptive, it was Ms. La-Branche who had the right of direction and control over the dog. Ms. LaBranche owned the dog and was even holding the dog on her lap when he bit Mr. Marie after he reached toward the dog’s face. Ms. LaBranche and her father also derived the benefit of having the dog at the facility, as Ms. LaBranche testified that her father and Cole were very close and he would have enjoyed seeing or spending time with the dog before he passed away.
In addition to Canon not being the custodian of the dog, we also find that the dog’s presence at the facility did not create an unreasonable risk of harm. Although Ms. LaBranche testified that Canon did not ask her questions about the dog or “screen” the dog prior to visiting the facility, the testimony shows that the likelihood of harm caused by the dog was small and that Canon would have allowed the dog on the premises if the questions had been asked. Ms. Sexton and |8Pr. Akula testified that a dog is allowed to be on the premises if it is not aggressive and if it is not barking or being disruptive. They also stated that they rely on information from the owners when determining if a dog may visit the facility. Ms. LaBranche testified that although her dog “plays rough,” he is friendly, not aggressive, and has allowed strangers to pet him without incident. Even Mr. Marie testified that he is experienced with handling dogs and the dog did not exhibit any signs of danger, was well-behaved, and seemed nice. He did not see any indication that the dog would be aggressive and allowed his young niece and nephew to pet the dog. Dr. Akula testified that pets are allowed at the facility because they have a therapeutic effect, help with depression, and reduce blood pressure and the incidents of stroke and heart attacks.
Considering all of the testimony, we find that allowing the dog at the Canon facility did not present an unreasonable risk of harm when considering the likelihood and magnitude of harm versus the utility of having the dog on the premises. Accordingly, because Canon did not own or have custody of the dog at issue and the dog’s presence at the facility did not create an unreasonable risk of harm, Canon cannot be held liable for Mr. Marie’s injuries under LSA-C.C. arts. 2317 or 2317.1. We further find that plaintiff has not shown that Canon breached any duty owed to him, failed to exercise reasonable care, or was negligent under Louisiana’s general negligence laws. Thus, we find that the trial court erred in finding Canon one-third at fault for Mr. Marie’s injuries, and in rendering judgment against Canon and AAIC for $4,000.00 plus costs and interest.
| JDECREE
For the foregoing reasons, we reverse and vacate the trial court’s May 16, 2011 judgment, finding Canon liable for Mr. Marie’s injuries and ordering Canon and AAIC to pay $4,000.00 plus costs and interest to Mr. Marie.

REVERSED AND VACATED

. Plaintiff also filed suit against "Jane Doe” as the owner of the dog that bit him. Nicole LaBranche was the owner of the dog at issue.