# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-100

THERESA ST. JULIEN

VERSUS

JULIE WALTERS LANDRY

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, DOCKET NO. 20107696**
**HONORABLE JULES D. EDWARDS, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED. Genovese,J., concurs in the result.**

Steven Diebold
Champagne and Brumbaugh
P.O. Box 3764
Lafayette, LA 70502
(337) 233-4414
ATTORNEY FOR PLAINTIFF/APPELLANT:
Theresa St. Julien

Patricia K. Penny
Bolen, Parker, Brenner, Lee & Engelsman, Ltd., APLC
P.O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
ATTORNEY FOR DEFENDANT/APPELLEE:
Julie Walters Landry

**Cooks, Judge**

## FACTS AND PROCEDURAL HISTORY

Theresa St. Julien (Plaintiff) was allegedly injured when she was knocked down by a dog that came onto her property from her neighbor, Julie Walters Landry's (Defendant), yard. The dog allegedly had been tied with a leash in the neighbor's yard but suddenly came upon Plaintiff's property knocking her to the ground. Plaintiff sued Defendant alleging in her original petition that the dog was either owned by Defendant or by others present at her home as either guests or invitees. Plaintiff also alleged in her original petition that Defendant's fault or negligence was the proximate cause of her injuries resulting from Defendant's (1) failure to secure the animal; (2) failure to prevent the animal from coming onto Plaintiff's property; (3) failure to control the animal in a manner which would have prevented the harm to Plaintiff; (4) failure to do what a reasonable person would do to avoid injury to Plaintiff from the animal; and (5) failure to refrain from what Defendant should reasonably have refrained from to avoid injury to Plaintiff. Defendant answered the suit denying Plaintiff's allegations and setting forth affirmative defenses alleging Defendant's negligence was the sole, proximate cause of her injuries or alternatively was a contributing cause. Defendant alleged Plaintiff's negligence included () failing to keep a proper lookout; (2) failing to see what she should have seen; (3) failing to take appropriate measures for her safety; (4) failing to act reasonably and prudently under the circumstances; (5) inattentiveness; and (6) carelessness.

The original Petition, Request for Admissions of Fact, and Interrogatories were filed November 29, 2010. The record does not contain any response by Defendant to Plaintiff's Request for Admissions of Fact. On July 14, 2011, Defendant filed a Motion for Summary Judgment alleging Defendant was

not the owner of the dog and, therefore, was not liable for any injuries allegedly suffered by Plaintiff. Defendant attached her affidavit averring that she was (1) not the owner of the dog; (2) "did not secure the dog;" and (3) had no knowledge that the dog ever displayed "any propensity toward viciousness prior to the date alleged in Plaintiff's petition." On July 28, 2011, Defendant filed an unopposed motion to continue the hearing on summary judgment. The court granted the motion and reset the hearing for September 12, 2011.

Plaintiff filed an amended and supplemental petition on August 31, 2011, adding Desiree Landry (Desiree) as an additional Defendant, alleging she occupied the home located at 115 Sunset Drive, Lafayette, LA 70501, at the time the dog allegedly injured Plaintiff, and that the dog was owned by either her or Defendant, or both, or was owned by occupants of the house present as guests or invitees of her and/or Defendant. The amended petition further set forth the same allegations of fault and negligence contained in the original petition made applicable to Desiree. The amended petition was accompanied by a copy of the same interrogatories which accompanied the original petition.

Defendant did not send her response to Plaintiff's interrogatories until July 21, 2011, a week *after* Defendant filed her Motion for Summary Judgment. The affidavit, submitted by Defendant in support of her motion for summary judgment, was executed two months before Plaintiff received Defendant's discovery responses. Plaintiff and Defendant entered the pleadings and several letters and "GMails" as well as response to interrogatories into evidence. After hearing argument of counsel, the trial court granted Defendant's Motion for Summary Judgment stating in the written judgment: "The court finds that Julie Walters Landry was not the owner of the dog at issue." Plaintiff appeals alleging three assignments of error:

2

1. The 15th Judicial District Court committed reversible error in granting summary judgment before adequate discovery was conducted or before the case was set for trial.

2. The 15th Judicial District Court committed reversible error in finding that Julie Walters Landry did not own the dog.

3. The 15th Judicial District Court committed reversible error in granting summary judgment and effectively foreclosing the possibility of proving Julie Walters Landry's liability due to negligence.

## LAW AND DISCUSSION

Motions for summary judgment are governed by the provisions of La.Code Civ. P. art. 966 which provides in pertinent part:

A. (1)   The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed.  The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.

(2)   The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.   The procedure is favored and shall be construed to accomplish these ends.

B.  …. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

C. (1)  After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

(2)  The burden of proof remains with the movant.  However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or

3

more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

We review the grants of a summary judgment de novo. In reviewing the case before us, we first note that the record does not contain any response filed by Defendant to Plaintiff's Requests for Admissions of Fact. Under the provisions of La.Code Civ.P. art. 1467(A), a fact is deemed admitted if the responding party fails to timely "serve[] upon the party requesting the admission" his written answer or objection. A responding party ordinarily has fifteen days to file his response or objection, however, La.Code. Civ.P. art. 1467(A) also provides that "a defendant shall not be required to serve answers or objections before the expiration of thirty days after service of the petition upon him." Plaintiff filed suit on November 29, 2010, and attached to her Petition to be served upon Defendant a Request for Admissions of Facts and Interrogatories. Defendant did not file an Answer until April 6, 2011. From the record before us, we are able to determine that Defendant failed to timely answer or object to Plaintiff's Requests for Admissions of Fact and they are therefore deemed to be admitted. The trial judge should have considered these admissions of fact, as directed in La.Code. Civ.P. art. 966, when deciding whether to grant or deny Defendant's motion for summary judgment. The facts deemed to be admitted by Defendant are contrary to Defendant's representations in her affidavit. In her affidavit, Defendant asserts that she is not the owner of the dog and that she never attempted to "secure the dog." The facts deemed to be admitted indicate Defendant admits she owned the residence located at 117 Sunset Drive, Lafayette, Louisiana 70501, and that "[o]n September 24, 2010," she owned the dog present at that address. Defendant is further deemed to have admitted that

4

she was "aware that on occasions prior to September 24, 2010, your dog has entered the premises of your neighbor's property located at 115 Sunset Drive, Lafayette, Louisiana, 70501[,] without the permission of the property owner." Defendant also is deemed to have admitted that her dog knocked down Plaintiff causing her injury and that she was aware that the dog was not properly secured which allowed it to enter upon Plaintiff's property. The effects of any matter admitted or deemed to be admitted under La.Code Civ.P. art 1467 are defined in La.Code Civ. P. art 1468, which provides:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Article 1551 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under Articles 1466 and 1467 is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

Thus, faced with the facts deemed to be admitted by Defendant and the contradictory facts asserted in her affidavit, the trial judge, in order to reach his decision, would have had to engage in weighing the facts. Such is not appropriate on summary judgment, as this by its very nature indicates there are genuine issues of material facts in dispute. Moreover, at this stage of the proceedings, Plaintiff, relying on the facts deemed to be admitted by Defendant, shifted the burden of proof on the Motion for Summary Judgment to Defendant. Defendant did not employ the proper procedural mechanism for withdrawing or amending her factual admissions, instead she simply filed a self-serving affidavit contradicting some of the facts deemed previously admitted. This alone precluded summary judgment as there clearly are many genuine issues of material fact. Defendant's admission in her affidavit that she never "secured the dog" might well be interpreted as an

5

admission of negligence on her part as *custodian* of the dog, which may have proximately caused Plaintiff's injuries. Contrary to the trial court's erroneous ruling, even if Defendant is not the owner of the dog that allegedly injured Plaintiff, Defendant may still be liable to Plaintiff under Louisiana's tort laws regarding negligence and strict liability.

The record on appeal does not contain evidence of service upon Defendant and does not contain any written response or objection to Plaintiff's Request for Admissions of Fact. However, the record does contain a letter addressed to Mr. Steven Diebold from defense counsel dated April 4, 2011, identified as Exhibit P-2, in which defense counsel states, "Enclosed please find a copy of the Answers To Petition For Damages, as well as Responses to Request for Admissions in reference to the above matter. I have filed the answer to the petition with the clerk of court for Lafayette Parish." The matter referenced in the letter is identified as "Civil Suit No. C-20107696B *Theresa St. Julien v. Julie Walters Landry, et al.*" The record also contains a copy of a "Gmail" sent from Plaintiff's counsel to Defendant's counsel wherein he states Defendant was served with the initial pleadings on February 2, 2011. Thus it is clear Defendant did not timely file her response to Plaintiff's Request for Admissions of Fact nor did she file an objection thereto.

We begin our analysis of tort liability under Louisiana law with Louisiana Civil Code Article 2317: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This however, is to be understood with the following modifications."

Under these provisions an individual *custodian of property*, just as the owner of such property, may be liable for any damages to any person who is injured by

6

the thing in their custody. Ownership, as solely relied upon by the trial court in this matter, is not solely determinative of who bears liability to the injured party. In *Melerine v. State of Louisiana*, 2000-162, p. 4 (La.App. 4 Cir. 11/08/00), 773 So.2d 831, 834, *writs denied*, 789 So.2d 595,599 (La. 4/12/01) (Emphasis added) the fourth circuit explained:

> Under La. C.C. art 2317, liability is imposed upon an individual as a *custodian* for damage caused by things in his custody. *Loescher v. Parr*, 324 So. 2d 441 (La. 1975).
>
> . . . .
>
> To recover under La.C.C. 2317, a plaintiff must prove that he was injured by a thing which was in the care or custody of the defendant and that such thing was defective. *Fonseca, supra; Loescher*, *supra*.

Louisiana Civil Code Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its, ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this article shall preclude the court from the application of the doctrine of *res ipsa loquitor* in an appropriate case.

In a recent case, the Louisiana fifth circuit court of appeal, in addressing the provisions of La.Civ.Code art. 2317 and 2317.1, noted:

> Custody, distinct from ownership, refers to a person's supervision and control (garde) over a thing. *Hebert v. St. Paul Fire and Marine Ins, Co*., 99-333, p.4 (La. App. 4 Cir. 2/23/00), 757 So.2d 814, 816; *Alford v. Home Ins. Co*., 962430 (La. App. 1 Cir. 11/7/97), 701 So.2d 1375, 1377, *writ denied*, 97-3029 (La. 2/13/98), 709 So.2d 749. Our Louisiana Supreme Court has used a two part test in determining whether the defendant has custody. First, the defendant should have a right of direction and control over the thing. Second, a court should examine what, if any, kind of benefit the defendant derives from the thing. *Doughty v. Insured Lloyds Ins. Co.,* 576 So.2d 461, 464 (La. 1991); King v. Louviere, 543 So.2d 1327, 1329 (La. 1989).

*Marie v. American Alternative Ins. Co.,* 11-832, p. 3 (La.App. 5 Cir.

7

3/27/12), ___ So.3d ____, ____.

In *Holland v. Teague*, 43,496, pp.6-8 (La.App. 2 Cir. 9/17/08), 996 So.2d 325, 328-29 (emphasis added), the second circuit, determining the defendants' liability for a stray dog which had been kept on their property and ventured onto a roadway causing a serious motorcycle accident, reasoned that:

> In *Rozell v. Louisiana Animal Breeders Coop.*, 434 So.2d 404 (La. 1983), the court found the owners of a bull strictly liable for an accident that occurred when the bull was in the custody of Louisiana State University Dairy Improvement Center. In considering whether the defendants could escape liability by entrusting the animal to the custody of another, the court said:
>
> > One who entrusts his animal to the care of another is still the owner. Under Article 2321, he remains liable for damages inflicted by that animal. Ownership alone is the basis of liability …. By entrusting the animal to another custodian, the owner does not escape responsibility. As to damages inflicted by that animal, the custodian is a third person for whom the owner is answerable. LSA-C.C. art. 2317 [footnote omitted].
>
> *Id.* at 408. In footnote 9 at the end of the above quote, the court said:
>
> > *This does not preclude any independent cause of action against one who has an animal, a "thing," in his custody.* LSA-C.C. art. 2317.
>
> The *Rozell* statements therefore indicate that both Article 2317 (custody) and Article 2321 (ownership) may apply to impose strict liability upon a defendant with sufficient control or ownership of the dog.
>
> The most recent case of our supreme court is *Pepper v. Triplet*, 03-619 (La.1/21/04), 864 So.2d 181. The case interprets Article 2321 after its amendment in 1996, but clearly involved a claim against a dog owner. In holding that the "unreasonable risk of harm" criterion still applies for the measure of strict liability for dog-related injuries, the court observed:
>
> > Given that Article 2317 and the first clause of former Article 2321, now the first sentence of revised Article 2321, seemingly impose liability without fault in all cases upon the *owner or guardian* of the defective thing or animal, the *Loescher* [v. *Parr*, 324 So.2d 441 (La. 1975)] and *Boyer* [v. *Seal,* 553 So.2d 827 (La. 1989)] cases effectively represented an attempt to limit the owner or guardian's strict liability under the rationale that the owner should not

be required to insure against all injury however small the risk might be.

This court and other Louisiana courts have addressed instances where the defendant was not the owner of the dog. *Terral v. Louisiana Farm Bureau Cas. Ins. Co*., 39,360 (La.App. 2 Cir.1/26/05), 892 So.2d 732; *Thompson v. Sicard*, 385 So.2d 334 (La. App. 1 Cir. 1980), *writ denied*, 386 So.2d 355 (La. 1980); *Tillman v. Cook,* 3 So.2d 230 (La.App. Orleans 1941). Without completely addressing the possible limitation imposed by the ownership requirement of Article 2321, and with no consideration of employing the concept of *garde* under Article 2317, these cases hold that strict liability may extend to persons who harbor dogs through *possession* and *control* of the animal.

Significantly, our ruling in *Terral* also briefly noted the Civil Code's presumption of ownership of one who possesses a corporeal movable. A domestic animal is corporeal movable property.

In another case from our sister circuit, the fourth circuit, in *Graubarth v. French Market Corp.*, 07-416 p. 4-5 (La.App. 4 Cir. 10/24/07), 970 So.2d 660, 664 examining the liability of a custodian of a "thing" under 2317 and 2317.1 noted:

[T]he courts have recognized the reality that custody or *garde* is a broader concept than ownership and custody or *garde* may be shared by multiple parties. To determine whether custody or *garde* is shared, the courts look to the parties' actions and relationships to the thing causing injury. The test for determining custody or *garde* is two-fold: 1) whether the person bears such a relationship as to have the right of direction or control over the thing, and 2) what, if any, kind of benefit the person derives from the thing. *Gallina,* 2003-0331, at p. 5, 859 So.2d at 762, *citing Dupree v. City of New Orleans*, 99-3651, p. 7 (La.8/31/00) 765 So.2d 1002, 1009.

Thus, whether Defendant is the owner of the dog or not, is not dispositive of whether she is liable to Plaintiff for injuries allegedly caused by the dog which was kept on her property and allowed to wander off her property. Our courts define duty as one's obligation to conform one's conduct to that of a reasonable man in like circumstances. *See Fox v. Board of Sup'rs of Louisiana State Univ. and Agr. And Mech. College*, 576 So.2d 978 (La.1991). The test to determine whether Defendant breached her duty owed to Plaintiff in the management of her property

is whether she acted as a reasonable person in relation to the probability of injury to others like Plaintiff. *See Shelton v. Aetna Cas. and Sur. Co.*, 334 So.2d 406 (La. 1976) and *Ladner v. Fireman's Ins. Co. of Newark*, 519 So.2d 1198 (La.App. 2 Cir. 1988).

Clearly, there remain many unresolved genuine issues of material fact determinative of Defendant's liability for Plaintiff's injuries. The trial court erred as a matter of law in concluding that if Defendant is not the owner of the dog she can bear no liability to Plaintiff for her injuries caused by a dog, kept on Defendant's property and allowed to go onto Plaintiff's property causing her injury. Plaintiff has alleged facts, and Defendant is deemed to have admitted facts, which establish multiple possibilities under our law for Defendant's liability to Plaintiff for her alleged injuries. Summary judgment was entirely inappropriate as there remained genuine issues of material fact in dispute.

For the reasons as stated, we reverse the trial court's ruling and remand the case for further proceedings in accordance with law. All costs of this appeal are assessed against Defendant.

**REVERSED AND REMANDED**.