JENKINS, J.,
DISSENTS WITH REASONS
hi agree with the majority’s finding that Mr. Moore and Ms. Knower are the co-owners of Abby. I respectfully dissent, however, from the majority’s finding that principles of “equity” can be applied to create a new remedy, when the rules of law governing this dispute are found in the Civil Code articles governing co-ownership and division of property, and when the application of equitable considerations would directly conflict with that positive law. Because I find that the parties’ sole remedy is partition, and because the First City Court lacks subject matter jurisdiction over partition actions, I would vacate the court’s April 18, 2016 judgment as void.
Under the Civil Code, dogs, like all domestic animals, are classified as “corporeal movable” property. State v. McCormick, 98-0718 (La.App. 4 Cir. 6/9/99), 737 So.2d 926, 931 citing La. Civ. Code art. 471; Barrios v. Safeway Ins. Co., 11-1028, p. 5 (La.App. 4 Cir. 3/21/12), 97 So.3d 1019, 1022; St. Julien v. Landry, 12-100, p. 9 (La.App. 3 Cir. 6/20/12), 94 So.3d 976, 982; Holland v. Teague, 43,496, p. 8 (La.App. 2 Cir. 9/17/08), 996 So.2d 325, 329. By statute, dogs are also classified as “personal property.” See La. R.S. 3:2773(A).[1]
|2The majority adopts verbatim the trial court’s written reasons for judgment, which include the following: (1) “there is no basis in the law for the Court to decide the issue of custody of a dog”; (2) “the Court must treat Abby just as it would a co-owned piano or a co-owned piece of artwork”; (3) “[t]he-Court depends on the law of co-ownership to make its determination”; (4) “the Court finds that through action, word, and deed, the parties co-owned Abby”; (5) “[although allowable by law, selling Abby and splitting the proceeds between the' parties seems to be drastic”; and (6) “[tjhus, it is incumbent upon this Court to determine the use and management of the thing, the dog.” Thus, I first examine the Civil Code articles governing co-ownership and division of co-owned property.
Under the Civil Code, “[ojwnership of the same thing by two or more persons is ownership in indivisión.” La. Civ. Code art. 797. “The use and management of the thing held in indivisión is determined by agreement of all the co-owners.” La. Civ. Code art. 801. Thus, one co-owner cannot prevent another co-owner from making use of a thing held in indivisión. La. Civ. Code art. 802; Rev. Cmt. (c) (1990) (“[A] co-owner has neither a right to exclusive use *173 nor a right to dispose of the thing without the consent of his co-owners
However, “[n]o one may be compelled to hold a thing in indivisión with another unless the contrary has been provided by law or juridical act.” La. Civ. Code art. 807. Thus, co-owners who cannot agree on the use and management of property have the right to demand partition of the thing held in indivisión. Id. If the co-owners cannot agree on the mode of partition, a co-owner may demand judicial partition, which results in either the physical division of the property into lots (partition “in kind”) or the sale of the thing, with the proceeds of the sale divided among the co-owners in proportion to their shares (partition by “licitation”). La. Civ. Code arts. 809, 810, 811.
|3In this case, Mr. Moore and Ms. Know-er are co-owners of Abby, and are unable to agree on her use and management. Their legal remedy under the Civil Code is a sale, with the proceeds to be distributed equally between them.' The trial court, however, decided that because this remedy was too “drastic,” the court would determine the use and management of Abby. In so doing, the trial court turned to La. Civ. Code art. 803, which permits a court to determine the “mode of use and management of a thing held in indivisión” when the parties cannot agree. Importantly, however, Article 803 expressly applies only when “partition is not available.” La. Civ. Code art. 803. See also Symeon C. Symeonide & Nicole Duarte Martin, The New Law of Co-Ownership: A Kommentar, 68 Tul. L. Rev. 69, 119 (1993) (“The only exception to the unanimity rule of [Article 801] is provided in Article 803.... This is a limited exception, however, and does not give the co-owners any assistance when partition is available. In such situations, if the co-owners are unable to reach agreement as to the use or management of the property, their sole remedy is partition”).
Under Louisiana law, partition is “not available” when it is excluded by an agreement by the co-owners (La. Civ. Code art. 807; La. R.S. 9:1702); by stipulation of a donor or testator (La. Civ. Code arts. 1300, 1301); or by operation of law (La. Civ. Code art. 808), None of these provisions apply in this case. Because partition is available, the trial court could not intervene under Article 803. I, therefore, find that the trial court was manifestly erroneous in deciding the use and management of Abby.
Even though the trial court “relie[d] heavily” on La. Civ. Code art. 803 as the basis for its judgment, the majority affirms the trial court’s decision by reference to La. Civ. Code art. 4, which states: “When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed Laccording to equity. To decide equitably, resort is made to justice, reason, and prevailing usages.”
In Louisiana, as in other civil law jurisdictions, legislation is superior to any other source of law. Duckworth v. Louisiana Farm Bureau Mutual Ins. Co., 11-2835, p. 12 (La. 11/2/12), 125 So.3d 1057, 1064. Thus, “[w]hen there is positive law on the subject matter at issue, equity cannot be evoked by the court.” International Carriers, Inc. v. Pearl River Navigation, Inc., 14-1189, p. 10 (La.App. 4 Cir. 4/15/15), 166 So.3d 1114, 1120. Furthermore, equitable considerations “cannot be permitted to prevail when in conflict with positive written law.” Fishbein v. State ex rel. Louisiana State Univ., 04-2482, p. 15 (La. 4/12/05), 898 So.2d 1260, 1270.
I find that the Civil Code articles governing co-ownership and partition of co-owned property constitute rules of law that govern this particular situation, thereby *174 precluding the trial court from creating an equitable remedy under Article 4. I also find that the trial court’s decision to “award” Abby to Mr. Moore, and to give Mr. Moore the “sole” right to determine the use and management of Abby without Ms. Knower’s consent, is in direct conflict with the Civil Code’s articles governing the rights of co-owners, which also precludes the trial court from resorting to equity under Article 4.
I next address the First City Court’s subject matter jurisdiction.over this action. Subject matter jurisdiction means “the legal power and authority of a tribunal to adjudicate a particular matter involving the legal relations of the parties and to grant the relief to which the parties are entitled.” Daily Advertiser v. Trans-La., a Div. of Atmos Energy Corp., 612 So.2d 7, 16 (La. 1993) (citing La. Code Civ. P. arts. 1 and 2).
Under La. Code Civ. P. art. 4832, city courts are courts of limited jurisdiction. The subject matter jurisdiction of city courts is limited by the amount [fiin dispute and by the nature of the proceeding. La. Code Civ. P. art. 4841(A). In particular, “city courts shall not have jurisdiction in ... partition proceedings.” La. Code Civ. P. art. 4847(B).
As discussed above, because Mr. Moore is a co-owner of Abby, partition by licitation is his sole remedy. And because the jurisdiction of a city court does not extend to partition proceedings, I would find that the First City Court lacked subject matter jurisdiction over this action. “A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.” La. Code Civ. P. art. 4. Accordingly, I would vacate the city court’s April 18, 2016 judgment as void.

. Unlike some states, Louisiana has not enacted specific legislation governing issues of "pet custody,” although one commentator has called for Louisiana to "take a pro-active approach by enacting legislation aimed at addressing legal custody of pets.” See Lacy L. Shuffield, Pet Parents—Fighting Tooth and Paw for Custody: Whether Louisiana Courts Should Recognize Companion Animals As More Than Property, 37 S.U.L. Rev. 101, 101-02 (2009).